J. S37035/19
J. S37036/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SCOTT GRIFFIN, | : | No. 2817 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered May 30, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0006667-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SCOTT GRIFFIN, | : | No. 1907 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered May 30, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0006671-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SCOTT GRIFFIN, | : | No. 1908 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered May 30, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0006665-2016

J. S37035/19
J. S37036/19

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
SCOTT GRIFFIN, : No. 1909 EDA 2018
:
Appellant :

Appeal from the Judgment of Sentence Entered May 30, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0005695-2016

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
SCOTT GRIFFIN, : No. 1910 EDA 2018
:
Appellant :

Appeal from the Judgment of Sentence Entered May 30, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0006692-2016

BEFORE: BOWES, J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED OCTOBER 04, 2019**

In these consolidated appeals, Scott Griffin appeals from the May 30, 2018 aggregate judgment of sentence of 23 to 46 years' imprisonment imposed after he pled guilty to a plethora of charges in five related criminal matters. After careful review, we affirm the judgment of sentence.

The trial court summarized the underlying facts of this case as follows:

During the open guilty plea, the Assistant District Attorney Elizabeth Birch stated that if the Commonwealth went to trial, Southwest Detective Ryan Moore would have testified that a female being held in custody reported that there was a gun in the trash can next to [appellant's] holding cell at the Eighteenth Police District facility at Fifty-Fifth and Pine on March 16, 2016. Detective Moore inspected the trash can and found a black semiautomatic handgun with serial number A001928 loaded with seven live rounds in the magazine and one in the chamber. [Appellant] then gave a post ***Miranda***[1] statement indicating that he smuggled the gun into the holding cell and hid it in the trash can. [Appellant] does not have a valid license to carry a firearm and the firearm was deemed to be operable upon testing by the Philadelphia Firearms Identification Unit. . . .

Additionally, Assistant District Attorney Jennifer Hoffman noted the extensive evidence that the Commonwealth would have provided had the other cases proceeded to trial. Initially, Complainant Douglas Graham met with [appellant] and the co-[d]efendant, Samir Coyett, at Salford and Market Streets with the intention of selling pills to them on April 17, 2016, at approximately 8:45 p.m. Mr. Graham did not have the pills and asked to see the money first, to which [appellant] responded by pulling out a gun and instructing Mr. Coyett to pat him down. [Appellant and Coyett] took Mr. Graham's wallet and keys and then walked up to his car on Salford Street. Upon reaching what they believed to be Mr. Graham's red Dodge Durango, [appellant] opened the passenger side door, produced a silver and black [handgun], and ordered Tyhia Blilia out of the vehicle. As [Coyett] attempted to start the car, Ms. Blilia flagged down Philadelphia Police. When Philadelphia Police Officers Pabon and McCullough of the Eighteenth District approached, Mr. Coyett ran away and [appellant] got out of the vehicle, tripped and fell. As the police tackled [appellant,] he turned

---

[1] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

and shot Officer McCullough one time in the upper left thigh. [Appellant] then fled the scene and Mr. Coyett was later tackled by the complainant who held him until additional police arrived.

The day after the shooting[,] police were told by a confidential informant that the individual who shot Officer McCullough was in the area of the twelve hundred block of North Alden Street in Philadelphia, Pennsylvania. Narcotics Field Unit Officers Coolen and Montage went to the area and observed [appellant] walking down the street at which point the officers approached him, asked him to raise his hands, and arrested him upon observing the butt of a gun in his waistband. The gun was a silver and black .380 caliber PPK/S firearm with S087831 serial number and was deemed operable by the Firearms Identification Unit. . . .

Trial court opinion, 12/21/18 at 3-5 (citations to notes of testimony omitted; emphasis added).

Appellant was charged with 38 separate offenses in connection with these incidents. From October 2016 until November 2017, appellant requested two continuances to pursue a plea deal, and actually rejected a plea offer from the Commonwealth on December 12, 2016. Thereafter, on December 4, 2017, appellant entered an open guilty plea in the five underlying cases presently on appeal. Specifically, appellant pled guilty to the following: at CP-51-CR-0005695-2016, carrying a firearm without a license and carrying a firearm on public streets or public property in Philadelphia[2]; at CP-51-CR-0006665-2016, robbery, robbery of a motor vehicle, criminal conspiracy,

_____

[2] 18 Pa.C.S.A. §§ 6106(a)(1) and 6108, respectively.

- 4 -

carrying a firearm without a license, and carrying a firearm on public streets or public property in Philadelphia[3]; at CP-51-CR-0006667-2016, aggravated assault, assault of a law enforcement officer, criminal conspiracy, carrying a firearm without a license, and carrying a firearm on public streets or public property in Philadelphia[4]; at CP-51-CR-0006671-2016, carrying a firearm without a license and carrying a firearm on public streets or public property in Philadelphia[5]; and at CP-51-CR-0006692-2016, robbery, criminal conspiracy, carrying a firearm without a license, and carrying a firearm on public streets or public property in Philadelphia.[6]     The remaining charges were ***nolle prossed*** by the Commonwealth, and sentencing was continued for the preparation of a presentence investigation report and a mental health evaluation. (***See*** notes of testimony, 12/4/17 at 26.)

On January 30, 2018, appellant's counsel filed a motion to withdraw appellant's guilty plea, wherein he asserted "[appellant] maintains his innocence and wishes to have a trial on these charges." (Motion to withdraw guilty plea, 1/30/18 at ¶ 4.) Following a hearing, the trial court denied

---

[3] 18 Pa.C.S.A. §§ 3701(a)(1), 3702(a), 903, 6106(a)(1), and 6108, respectively.

[4] 18 Pa.C.S.A. §§ 2702(a), 2702.1(a), 903, 6106(a)(1), and 6108, respectively.

[5] 18 Pa.C.S.A. §§ 6106(a)(1) and 6108, respectively.

[6] 18 Pa.C.S.A. §§ 3701(a)(1), 903, 6106(a)(1) and 6108, respectively.

appellant's motion on April 2, 2018. As noted, the trial court sentenced appellant to an aggregate term of 23 to 46 years' imprisonment on May 30, 2018. On June 26, 2018, appellant filed five separate, timely notices of appeal for each docket number, in compliance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Thereafter, on March 4, 2019, this court **sua sponte** consolidated appellant's appeals in the following four cases: CP-51-CR-0006667-2016 (2817 EDA 2018); CP-51-CR-0006671-2016 (1907 EDA 2018); CP-51-CR-0006665-2016 (1908 EDA 2018); CP-51-CR-0005695-2016 (1909 EDA 2018); and CP-51-CR-0006692-2016 (1910 EDA 2018). Appellant's appeal involving the non-fatal shooting of Officer McCullough was not consolidated with the remaining cases. Except for the docket numbers listed on the cover pages, all five of appellant's briefs to this court are identical.

On appeal, appellant raises only one issue for our review: "Did the trial court err by denying [a]ppellant's motion to withdraw his guilty plea prior to sentencing?" (Appellant's brief at 5.)

Courts in this Commonwealth have long recognized that there is "no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court." **Commonwealth v. Muhammad**, 794 A.2d 378, 382 (Pa.Super. 2002) (citation omitted).

> The standard of review that we employ in challenges to a trial court's decision regarding a presentence motion to withdraw a guilty plea is well-settled. A trial

- 6 -

> court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion.

***Commonwealth v. Johnson-Daniels***, 167 A.3d 17, 23 (Pa.Super. 2017) (citation omitted), ***appeal denied***, 174 A.3d 1029 (Pa. 2017). "An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." ***Commonwealth v. Norton***, 201 A.3d 112, 120 (Pa. 2019) (citation omitted).

Pennsylvania Rule of Criminal Procedure 591 governs presentence motions to withdraw a guilty plea and provides, in pertinent part, that "[a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, ***sua sponte***, the withdrawal of a plea of guilty or ***nolo contendere*** and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A).

In ***Commonwealth v. Carrasquillo***, 115 A.3d 1284 (Pa. 2015), our supreme court clarified its position with regard to presentence challenges to a guilty plea based upon an assertion of innocence. The ***Carrasquillo*** court held that "the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." ***Carrasquillo***, 115 A.3d at 1292 (citations omitted). In

affirming the trial court's refusal to allow the defendant to withdraw his plea, the **Carrasquillo** court rejected the bright-line approach to innocence claims, holding that "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant [a presentence motion to withdraw a guilty plea]." *Id.* at 1285. Rather, the trial court retains a degree of discretion in determining whether the defendant's innocence claim "is plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." *Id.* at 1292.

More recently, in **Norton**, our supreme court reiterated that,

> the **Carrasquillo** Court clearly established that trial courts have the discretion to assess the plausibility of claims of innocence. Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

**Norton**, 201 A.3d at 121.

In the instant matter, the trial court concluded that appellant failed to satisfy the requirements set forth in **Carrasquillo** to support his presentence motion to withdraw his guilty plea. (Trial court opinion, 12/21/18 at 8.) The trial court noted that "[appellant] has made no more than a bare assertion of innocence" in his withdrawal motion and at the April 2, 2018 hearing. (**Id.**)

Upon review of the record, we discern no abuse of discretion on the part of the trial court in reaching these conclusions. As noted in his presentence motion to withdraw his guilty plea, appellant made the following assertions in support of his claim that he was innocent:

> 4.    [Appellant] maintains his innocence and wishes to have a trial on these charges.
>
> 9.    [Appellant] has maintained his innocence on these charges and wishes to have a trial.

Motion to withdraw guilty plea, 1/30/18 at ¶¶ 4, 9.

Subsequently, at the April 2, 2018 hearing on his motion to withdraw, counsel made the following statement on appellant's behalf:

> My client has told me that he asserts his innocence in this case, and he felt pressured into taking the pleas because of the number of cases involved and the number of witnesses involved, and the seriousness of the crimes.
>
> He has said that to me in consultation. He did accept the guilty plea when we went forth that day, but then soon thereafter he contacted me, and in his letters he told me he didn't feel right pleading to something he didn't do.

Notes of testimony, 4/2/18 at 5. Later during the hearing, appellant was given an opportunity to address the court and echoed this bare assertion of innocence, stating as follows:

> Basically one thing is, there is a lot of stuff I don't even have, and a lot of this stuff I really don't feel I'm guilty.

> All right. The drug charges, yes, I plead guilty. To the gun case in the police station, I plead guilty. Everything else I just don't feel guilty of, and I don't have full discovery, and there's a lot of stuff, and I just feel I'm not guilty.

> That's it.

*Id.* at 13.

The record further reflects that the trial court analyzed the circumstances surrounding appellant's pretrial proceedings, including his initial rejection of the Commonwealth's plea offer on December 12, 2016; his entry of a guilty plea almost a year later on December 4, 2017; and his subsequent motion to withdraw said plea less two months later, on January 30, 2018, three days before his scheduled sentencing hearing. (**See** trial court opinion, 12/21/18 at 1-2, 10.) Contrary to appellant's contention, the record supports a finding that appellant failed to make a "**colorable demonstration**, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Carrasquillo*, 115 A.3d at 1292 (emphasis added). Appellant possessed ample opportunity during the nearly two-year period from the date he was charged until entry of his guilty plea to examine and weigh the evidence in the five underlying cases, in deciding whether to assert his innocence. He failed to do so. Accordingly, we conclude that the trial court, in light of the standard articulated in *Carrasquillo*, acted within its discretion in denying appellant's presentence motion to withdraw his guilty plea.

J. S37035/19
J. S37036/19

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/19