**[J-36-2018]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 53 MAP 2017 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court at No. 2359 EDA 2015 dated |
| | : | March 23, 2017 Affirming the |
| v. | : | Judgment of Sentence of the Court of |
| | : | Common Pleas Pike County, Criminal |
| | : | Division, at No. CP-52-CR-0000104- |
| MICHAEL NORTON, | : | 2013, dated August 7, 2015. |
| | : | |
| Appellant | : | ARGUED:  May 16, 2018 |

**OPINION**

**JUSTICE BAER**                                **DECIDED:  January 23, 2019**

In *Commonwealth v. Carrasquillo*, 115 A.3d 1284 (Pa. 2015), this Court dispelled the notion that a defendant's bare assertion of innocence requires a trial court to grant the defendant's presentence motion to withdraw his guilty plea.  Instead, the *Carrasquillo* Court held that, in the context of such a motion, "a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea."  *Carrasquillo*, 115 A.3d at 1292.  In the matter *sub judice*, a trial court utilized this standard in denying a presentence motion to withdraw a plea of *nolo contendere*,[1] and the Superior Court concluded that the trial court did not abuse its discretion in this regard.  This Court granted allowance of appeal to assess whether the

---

[1] "*Nolo contendere*" is a Latin phrase which means, "I do not wish to contend[.]"  *Nolo Contendere* Definition, BLACK'S LAW DICTIONARY (10th ed. 2014), *available at* Westlaw. When a defendant enters a plea of *nolo contendere*, he technically does not admit guilt. *See id.* (defining "*nolo* plea").  However, for purposes of a criminal case, a plea of *nolo contendere* is equivalent to a plea of guilty.  *Eisenberg v. Com., Dep't of Pub. Welfare*, 516 A.2d 333, 335 (Pa. 1986).

Superior Court erred by holding that the trial court properly exercised its discretion in applying the *Carrasquillo* standard. We hold that the Superior Court correctly concluded that the trial court acted within its discretion by denying the presentence motion to withdraw a plea of *nolo contendere*. Consequently, we affirm the Superior Court's judgment.

The relevant background underlying this matter can be summarized as follows. In December of 2012, a criminal complaint was filed against Appellant Michael Norton ("Appellant"), charging him with five counts of indecent assault and one count of corruption of minors. According to the complaint and the accompanying affidavit of probable cause, on at least five occasions from September of 2008 through April of 2012, Appellant sexually abused his paramour's granddaughter ("Victim"), born in September of 2004.

On February 27, 2013, a preliminary hearing occurred, where Victim and Corporal James Travis of the Pennsylvania State Police testified. Following that hearing, the magisterial district judge dismissed three counts of indecent assault but bound over for trial the remaining charges. The district judge's decision was based upon his observation that Victim testified specifically to only two alleged incidents of abuse. N.T., 10/15/2013, Exhibit 1, at 21.

On August 7, 2013, Appellant filed an omnibus pretrial motion in which he sought an order precluding the Commonwealth from presenting at trial evidence regarding sexual abuse Appellant allegedly inflicted upon his now-adult daughter ("Daughter") when Daughter was a child in the late 1980s and early 1990s. That evidence included a 1996 statement signed by Appellant in which he admitted to abusing Daughter sexually.[2] On October 15, 2013, the trial court held a hearing on Appellant's pretrial motion, at which

---

[2] Appellant attached this statement to his omnibus pretrial motion. The statement is dated March 1, 1996, and appears to have been given to New York investigators.

Daughter testified regarding the abuse Appellant allegedly perpetrated upon her. The court ultimately denied Appellant's motion, concluding that the complained-of evidence was admissible as prior bad acts.

On November 7, 2014, trial was scheduled to commence for purposes of jury selection. However, on that date, the parties informed the trial court that they had reached an agreement. Specifically, Appellant agreed to plead *nolo contendere* to one count each of indecent assault and corruption of a minor in exchange for an aggregate term of imprisonment of two to six years. In the presence of the court, Appellant's attorney conducted a plea colloquy, which was supplemented by questioning by the district attorney regarding the fact that Appellant's plea would require him to be assessed for purposes of determining whether he should be classified as a sexually violent predator. The parties also submitted to the court Appellant's written plea colloquy.

The trial court accepted the plea agreement, ordered Appellant to be assessed by the Sexual Offenders Assessment Board ("SOAB"), and tentatively scheduled sentencing for February 13, 2015. However, on the Commonwealth's motion, sentencing was later rescheduled for May 7, 2015.

On March 23, 2015, Appellant filed a motion to withdraw his *nolo contendere* plea. In that motion, Appellant asserted his innocence and proclaimed that he could not live with himself for taking a plea under the circumstances. The trial court held a hearing concerning this motion on April 30, 2015. At that hearing, Appellant reiterated that he wanted to withdraw his plea because he was innocent of the crimes to which he pleaded *nolo contendere* and because he could not live with himself for entering his plea.

At that time, the prevailing law in the Commonwealth required a trial court to grant a presentence motion to withdraw a guilty plea when withdrawal of the plea was based upon a defendant's bare assertion of innocence. *See, e.g., Commonwealth v.*

*Carrasquillo*, 78 A.3d 1120 (Pa. Super. 2013) (*en banc*), *rev'd by Carrasquillo, supra*. Consistent with this case law, the trial court granted Appellant's motion on May 29, 2015, and allowed him to withdraw his plea. However, in its order, the court noted that this Court had granted allowance of appeal to review the Superior Court's decisions in *Carrasquillo* and *Commonwealth v. Hvizda*, 82 A.3d 470 (Pa. Super. 2013) (unpublished memorandum), *rev'd by Commonwealth v. Hvizda*, 116 A.3d 1103 (Pa. 2015), both of which involved the standard a trial court should apply when a defendant seeks to withdraw a guilty plea presentence based upon a claim of innocence.

On June 5, 2015, this Court decided *Carrasquillo* and *Hvizda*, employing *Carrasquillo* as the lead opinion. In examining whether a defendant's bare assertion of innocence requires a court to allow a defendant to withdraw a guilty plea presentence, the *Carrasquillo* Court observed that this Court's seminal decision in *Commonwealth v. Forbes*, 299 A.2d 268 (Pa. 1973), reflects that: (1) "there is no absolute right to withdraw a guilty plea;" (2) "trial courts have discretion in determining whether a withdrawal request will be granted;" (3) "such discretion is to be administered liberally in favor of the accused;" and (4) "any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth." *Carrasquillo*, 115 A.3d at 1291-92 (citing *Forbes*, 299 A.2d at 271) (footnote omitted). The *Carrasquillo* Court further observed that the "perfunctory fashion in which these principles were applied to the circumstances presented in *Forbes*, as well as in the ensuing decision in [*Commonwealth v. Woods*, 307 A.2d 880 (Pa. 1973)], also lent the impression that this Court had required acceptance of a bare assertion of innocence as a fair-and-just reason." *Carrasquillo*, 115 A.3d at 1292. Indeed, the *Carrasquillo* Court acknowledged the Superior Court's "legitimate perception of a *per se* rule arising from this Court's decisions[,]" such as *Forbes. Id.*

In setting out to clarify the law in this area, the *Carrasquillo* Court adopted the approach of other jurisdictions that require a defendant's claim of innocence to "be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." *Id.* Stated more broadly, pursuant to this approach, "the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Id.* In closing, the Court stated that the "policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts."[3] *Id.*

---

[3] Regarding the application of these principles to the circumstances in *Carrasquillo*, Carrasquillo pleaded guilty to several sexual offenses. At Carrasquillo's plea colloquy, the Commonwealth proffered evidence, including his inculpatory statements to police and DNA evidence linking him to the crimes. *Carrasquillo*, 115 A.3d at 1285. During the sentencing hearing but before he received his sentence, Carrasquillo sought to withdraw his plea by claiming his innocence; however, his explanation of his innocence included bizarre references, such as statements that the CIA had victimized him by seeking to employ him as an assassin abroad. *Id.* at 1286. The trial court denied Carrasquillo's motion to withdraw his plea and sentenced him. Carrasquillo appealed to the Superior Court, which reversed the trial court on the basis of case law that held that a defendant's bare assertion of innocence requires a trial court to grant the defendant's presentence motion to withdraw his guilty plea. *Id.* at 1287-88.

Upon further appeal to this Court, we clarified the law in this area, as discussed *supra*, and applied that law to Carrasquillo's circumstances. The Court concluded that the trial court acted within its discretion by denying Carrasquillo's presentence motion to withdraw his guilty plea because Carrasquillo's claim of innocence was implausible in light of, *inter alia*, the bizarre nature of his statements during his plea colloquy and the strength of the Commonwealth's case against him. *Id.* at 1291-93.

As to *Hvizda*, Hvizda pleaded guilty to first-degree murder and possession of an instrument of crime. 116 A.3d at 1104. He later sought to withdraw that plea based upon a bare assertion of innocence. The trial court denied the motion, concluding that the claim of innocence was pretextual and an attempt to manipulate the system. *Id.* at 1104-05. The Superior Court reversed and stated that the trial court should have accepted Hvizda's claim of innocence and allowed him to withdraw his plea. On appeal to this Court, we explained that the *Carrasquillo* Court "determined that a bare assertion of innocence— such as [Hzivda] provided as the basis for withdrawing his guilty plea—is not, in and of

After this Court issued its opinions in *Carrasquillo* and *Hvizda*, the Commonwealth, in the case at bar, timely filed in the trial court a motion for reconsideration of its order permitting Appellant to withdraw his plea of *nolo contendere.* In that motion, the Commonwealth highlighted that the court permitted Appellant to withdraw his plea based solely on an assertion of innocence and that *Carrasquillo* and *Hvizda* held that a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant a defendant's presentence request to withdraw a guilty plea.

On June 25, 2015, the trial court entertained argument on the Commonwealth's motion for reconsideration. For its part, the Commonwealth questioned the plausibility and sincerity of Appellant's assertion of innocence and suggested that Appellant simply was seeking to delay the prosecution and the consequences that awaited him. The Commonwealth posited that strong evidence of record indicates that Appellant's assertion of innocence was implausible and that fairness and justice did not require the court to allow Appellant to withdraw his plea.

Appellant's counsel, on the other hand, insisted that Appellant had always maintained his innocence, emphasizing that his *nolo contendere* plea did not equate to an admission of guilt to the crimes of which he was convicted. In this regard, Counsel also asserted that, when the SOAB interviewed Appellant to assess his sexual offender status, he "refused to participate, maintaining his innocence." N.T., 6/25/2015, at 7. Counsel further stated that, if permitted to withdraw his plea, Appellant intended to contest the Commonwealth's evidence at trial by attacking Victim's credibility, as she answered, "I don't remember," at least 15 times during the preliminary hearing. *Id.* at 8. Counsel

---

itself a sufficient reason to require a court to grant such a request." *Id.* at 1107. The Court, therefore, concluded that the trial court did not err by denying Hzvida's presentence motion to withdraw his guilty plea. *Id.*

also seemed to insinuate that he would again challenge at trial the admissibility of the prior-bad-acts evidence regarding his sexual abuse of Daughter.

On June 26, 2015, the trial court issued a speaking order granting the Commonwealth's motion for reconsideration and denying Appellant's motion to withdraw his plea. In so doing, the court applied the *Carrasquillo* standard and concluded that Appellant "did not make a colorable demonstration for withdrawal of his plea of *nolo contend*[*e*]*re* that would promote fairness and justice." Trial Court Order, 6/26/2015, at 2-3. In support of this conclusion, the court observed that Appellant entered his negotiated plea on November 7, 2014, which notably was the day that the court and parties were set to pick a jury. *Id.* at 3. The court further reported that, shortly after entering his plea, Appellant signed a sexual offender colloquy, acknowledging his obligations to register as a sexual offender as required by Pennsylvania law.[4] The court noted that, at the Commonwealth's request, it then scheduled sentencing for May 7, 2015.

The trial court continued by explaining that, in his motion to withdraw his plea, Appellant simply averred that "he was innocent and could not live with himself for taking a plea to offenses of which he is innocent." *Id.* at 4. Appellant made the same general claim at the April 30, 2015, hearing on his motion to withdraw, which the court determined "was the gist" of Appellant's reason for requesting withdrawal of his plea. *Id.*

Appellant filed a motion for reconsideration of the June 26th order, which was denied on August 4, 2015.[5] On August 7, 2015, consistent with the parties' plea agreement, the trial court sentenced Appellant to an aggregate term of imprisonment of two to six years. During the sentencing hearing, the trial court also explained that, as a

---

[4] The trial court did not explain why it noted this fact, though it appears to have been aimed simply at giving a full timeline of the events that led up to Appellant filing his motion to withdraw his *nolo contendere* plea.

[5] The trial court apparently held a hearing on Appellant's motion for reconsideration, but there is no transcript of that hearing in the certified record.

result of his convictions for indecent assault and corruption of a minor, Appellant was to be classified as a Tier III sexual offender pursuant to the Sexual Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10-9799.42.

Appellant timely filed a notice of appeal, and the trial court directed him to comply with Pa.R.A.P. 1925(b). Appellant filed a concise statement of matters complained of on appeal. Therein, Appellant stated that he intended to raise four issues on appeal, all of which concerned the trial court's decision to deny his motion to withdraw his *nolo contendere* plea.

In its Pa.R.A.P. 1925(a) opinion, the trial court bolstered the analysis that it provided in its speaking order denying Appellant's motion to withdraw his plea. In relevant part, the court stated that it went to great lengths in the plea colloquy with Appellant to ensure that he entered his plea knowingly, voluntarily, and intelligently. Trial Court Opinion, 11/17/2015, at 6. The court explained that the plea colloquy was conducted in chambers while the prospective jury pool waited in the courtroom.

The trial court also explained that it initially granted Appellant's motion to withdraw his plea based upon the prevailing law at the time which suggested that a bare assertion of innocence warranted the withdrawal of a plea prior to sentencing. However, on the Commonwealth's motion, the court believed it prudent to reconsider its decision in light of this Court's opinion in *Carrasquillo*, *id.* at 6-7, which was decided eight days after the court permitted Appellant to withdraw his plea based upon his bare assertion of innocence. In this regard, the court reiterated its conclusion that Appellant failed to "demonstrate, under the facts of this case, that permitting withdrawal of his plea would promote fairness and justice." *Id.* at 7. The court opined that Appellant had ample time prior to his November 7, 2014, plea to consider and assert his innocence. *Id.*

Lastly, the trial court addressed Appellant's claim that he intended to contest the Commonwealth's evidence at trial. *Id.* at 8. Similar to its consideration of his assertion of innocence, the court found that Appellant had ample time to discover and inspect the Commonwealth's evidence well prior to his plea. The court stated, "It would be logical that [Appellant] and his counsel considered all of the evidence of the case, including the Commonwealth's evidence or lack thereof, in deciding whether to enter into the negotiated[] *nolo contendere* plea agreement with the Commonwealth." *Id.* The court concluded that any assertion of a desire to challenge the Commonwealth's evidence was not new to the case. *Id.* In other words, Appellant's two "primary claims, that he was innocent and that he sought to challenge the Commonwealth's evidence at trial, were not novel to the post-plea proceedings of this case." *Id.* The trial court, therefore, denied Appellant's motion to withdraw his *nolo contendere* plea because his bare assertion of innocence did not establish that withdrawal of the plea would promote fairness and justice.

On appeal to the Superior Court, Appellant posited that the trial court abused its discretion by denying his presentence motion to withdraw his plea of *nolo contendere*. In terms of the *Carrasquillo* standard, Appellant contrasted his claim of innocence with Carrasquillo's claims. Appellant argued that, unlike the circumstances presented in *Carrasquillo*, his protestation of innocence was plausible because he had maintained his innocence throughout the trial court proceedings. Appellant further argued that the record indicated that he was not attempting to delay his prosecution and that he offered a viable defense to the charges to which he pleaded, namely, he could challenge the sufficiency of the Commonwealth's evidence by undermining the credibility of the Commonwealth's witnesses, particularly that of Victim.

The Commonwealth insisted that the trial court properly applied *Carrasquillo*. In so doing, the Commonwealth highlighted that, in seeking to withdraw his plea of *nolo contendere*, Appellant merely asserted his innocence without making any specific, colorable demonstration that the withdrawal of that plea would promote fairness and justice. In terms of Appellant's declared trial-defense strategy, the Commonwealth suggested that any defense predicated on attacking Victim's credibility should have been readily apparent to Appellant and his counsel following the preliminary hearing; yet, despite this seemingly obvious knowledge, Appellant nonetheless chose to plead *nolo contendere*. Thus, in the Commonwealth's view, the trial court acted within its discretion by denying Appellant's presentence motion to withdraw his plea.

The Superior Court ultimately affirmed Appellant's judgment of sentence in an unpublished memorandum. *Commonwealth v. Norton*, 2017 WL 1113289 (Pa. Super filed March 23, 2017). After reiterating the substance of this Court's opinion in *Carrasquillo*, the Superior Court stated that it could discern no abuse of discretion in the trial court's decision to deny Appellant's presentence motion to withdraw his plea of *nolo contendere*. Indeed, the intermediate court concluded that the record supported the trial court's determination that Appellant failed to make a "colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Norton*, 2017 WL 1113289, at *3 (quoting *Carrasquillo*, 115 A.3d at 1292) (emphasis removed). In support of this conclusion, the Superior Court observed, *inter alia*, that, despite having possessed ample opportunity during the nearly two-year period between his arrest and his plea "to examine and weigh the evidence in this case, including the Commonwealth's evidence or lack thereof, in deciding whether to assert his innocence or [ ] a viable defense to the charges at trial[,]" Appellant failed to do so. *Id.*

Senior Judge Fitzgerald filed a dissenting memorandum. In the dissent's view, the trial court erroneously failed to address the quality of Appellant's assertion of innocence and conflated the liberal standard for assessing a presentence motion to withdraw a guilty plea with the more stringent standard that governs a defendant's post-sentence request to withdraw such a plea.[6] In sum, the dissent concluded that "the trial court erred in its application of *Carrasquillo* and that Appellant's assertion of innocence, in conjunction with his proffered defense based on the credibility of the complainant, establishes fair and just reason for withdrawing his plea." *Id.* at *7.

Appellant filed a petition for allowance of appeal, which we granted to address the following issue, as phrased by Appellant:

> Whether a defendant's assertion of innocence based on the sufficiency of the evidence and his inability to reconcile entering a plea when he maintained his innocence well before the time of his sentencing and when the Commonwealth made no argument of prejudice, is sufficient to establish a fair and just reason for withdrawing his plea of *nolo contendere*?

*Commonwealth v. Norton*, 170 A.3d 1059 (Pa. 2017).

In his brief to this Court, Appellant simply reiterates, with minor augmentation, the arguments that he presented to the Superior Court regarding the alleged errors made by the trial court. Indeed, the "Argument" portion of Appellant's brief fails to acknowledge the rationale that the Superior Court offered in support of its decision to affirm Appellant's judgment of sentence, let alone assign any error to that rationale. In response, the Commonwealth similarly renews its contention that the trial court acted within its discretion by denying Appellant's motion to withdraw his plea.

Reduced to its essence, the question Appellant poses to this Court requires us to examine whether the Superior Court properly determined that the trial court acted within

---

[6] Stated succinctly, "the standard for post-sentence withdrawal is a stringent one, requiring the defendant to establish manifest injustice." *Hvizda*, 116 A.3d at 1106.

its discretion by denying Appellant's presentence motion to withdraw his plea of *nolo contendere* pursuant to this Court's decision in *Carrasquillo*. Thus, it is helpful to begin our analysis with a brief review of the well-settled law regarding trial court discretion.

"When a [trial] court comes to a conclusion through the exercise of its discretion, there is a heavy burden [on the appellant] to show that this discretion has been abused." *Commonwealth v. Eichinger*, 915 A.2d 1122, 1140 (Pa. 2007) (citation omitted). An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial court; rather, to overcome this heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power. *Id.* "An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Id.* Absent an abuse of that discretion, an appellate court should not disturb a trial court's ruling. *Id.*

With these standards in mind, we reiterate that the *Carrasquillo* Court overruled a relatively long line of precedent which, understandably but mistakenly, required trial courts to grant presentence motions to withdraw guilty pleas based upon defendants' bare assertions of innocence. As noted above, *Carrasquillo* held that, when a defendant files a presentence motion to withdraw a guilty plea based upon a claim of innocence, the "innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." *Carrasquillo*, 115 A.3d at 1292. Stated more broadly, "the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Id.* While the *Carrasquillo* Court acknowledged that the "policy of liberality remains extant," the Court

explained that this policy "has its limits, consistent with the affordance of a degree of discretion to the common pleas courts." *Id.*; *see also* Pa.R.Crim.P. 591(A) (explaining that, "[a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty[]").

Thus, the *Carrasquillo* Court clearly established that trial courts have the discretion to assess the plausibility of claims of innocence. Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

To be clear, when a trial court is faced with a presentence motion to withdraw a guilty plea, the court's discretion is not unfettered. As this Court has often explained, "[t]he term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge." *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000) (citation omitted). Thus, a court's discretion in ruling on a presentence motion to withdraw a guilty plea must be informed by the law, which, for example, requires courts to grant these motions liberally, *Carrasquillo*, *supra*, and to make credibility determinations that are supported by the record, *see Commonwealth v. Myers*, 722 A.2d 649, 652 (Pa. 1998) (explaining that, "when appellate review involves the trial court's findings of fact and credibility determinations, those findings are binding on the reviewing court if they find support in the record"). Moreover, while an appellate court should not substitute its judgment for that of a trial court that ruled on a presentence

motion to withdraw a guilty plea, the appellate court is tasked with the important role of assessing the propriety of the trial court's exercise of its discretion. *See Widmer*, 744 A.2d at 753 ("The propriety of the exercise of discretion in such an instance may be assessed by the appellate process when it is apparent that there was an abuse of that discretion.").

Turning to the circumstances of this case, in support of his presentence motion to withdraw his plea of *nolo contendere*, Appellant asserted in the trial court that: (1) he is innocent; (2) he cannot live with himself for taking a plea; and (3) he wants to test the Commonwealth's evidence at trial. Simply put, the last two assertions add nothing to the first. Appellant's contention that he could not live with himself for entering his plea is self-serving makeweight and does not add any substantive support to the plausibility of his claim of innocence. Appellant's desire to test the Commonwealth's evidence at trial is equally non-substantive. Generally speaking, trials are always proceedings in which the parties test each other's evidence, and Appellant's belated wish for a trial fails to bolster his claim of innocence, particularly in light of the fact that any vulnerability in the Commonwealth's evidence, specifically Victim's testimony, was well known to Appellant prior to him entering his plea. In other words, for all intents and purposes, the reality is that Appellant solely asserted his innocence in an attempt to withdraw his plea presentence.

The trial court was intimately familiar with this case, having observed Appellant throughout the various trial court proceedings. Additionally, the court demonstrated a studied understanding of the law in this area. For example, the trial court appropriately assessed the plausibility of Appellant's contentions supporting withdrawal of his plea when it considered the timing and entry of the *nolo contendere* plea, which occurred in chambers while a prospective jury pool waited in the courtroom. The trial court also

properly factored into its exercise of discretion Appellant's knowledge of his available defenses when he pleaded and then inexplicably waited four months to file his motion to withdraw his plea.

After the trial court assessed the nature of the claim Appellant offered in support of his motion to withdraw his plea, the court reasonably determined that, like the defendant in *Hvizda*, Appellant simply was presenting a bare assertion of innocence. Consequently, the court denied his presentence motion to withdraw his guilty plea. As the Superior Court determined, the clear standard articulated in *Carrasquillo* establishes that the trial court acted within its discretion when it denied Appellant's motion on the basis that his bare assertion of innocence was not, in and of itself, a sufficient reason to require the court to grant Appellant's presentence motion to withdraw his *nolo contendere* plea. *See Hvizda*, 116 A.3d 1103 (applying the holding in *Carrasquillo* and concluding that the trial court did not err by denying Hvizda's presentence motion to withdraw his guilty plea, which was premised on a bare assertion of innocence).

For these reasons, we hold that the Superior Court correctly determined that the trial court did not abuse its discretion by denying Appellant's motion to withdraw his plea.[7]

---

[7] The Dissent expresses concern that we are: (1) creating a *per se* rule that "it is not a fair and just reason to withdraw a plea where the withdrawal is based on a factually supported argument that the Commonwealth does not have sufficient evidence to convict[,]" Dissenting Opinion at 1-2; (2) suggesting that, as a matter of law, "if facts are discovered post-plea, a motion to withdraw may be viewed more favorably[,]" *id.* at 2; and (3) somehow "imbuing trial courts with unfettered discretion in granting or denying motions to withdraw[,]" *id.* at 3; *see id.* at 4 (asserting that "the Majority's opinion is so amorphous in its statement of the law that it can be read to say that a trial court, having the opportunity to observe the defendant, can, in its discretion, convert any reason for withdrawal into a 'bare assertion of innocence' and deny the motion").

Respectfully, we are not creating any *per se* rules regarding what constitutes a fair and just reason to withdraw a guilty plea presentence. To the contrary, we believe that this opinion makes clear that trial courts must decide on a case-by-case basis whether a defendant, moving to withdraw a guilty plea presentence, has presented a fair and just

We, therefore, affirm the judgment of the Superior Court, which affirmed Appellant's judgment of sentence.

Chief Justice Saylor and Justices Todd, Dougherty and Mundy join the opinion.

Chief Justice Saylor files a concurring opinion in which Justices Todd and Dougherty join.

Justice Donohue files a dissenting opinion in which Justice Wecht joins.

---

reason to support such a motion. Indeed, one of *Carasquillo*'s lessons is that trial courts should not deny or grant presentence motions to withdraw guilty pleas based upon any particular factor, such as a defendant's bare assertion of innocence or, as the dissent seems to suggest, a desire to pursue a standard defense strategy seeking to discredit the Commonwealth's evidence. Rather, when ruling on a presentence motion to withdraw a guilty plea, a court should carefully exercise its discretion in accordance with the law. While we believe that this opinion adequately explains the concept of trial court discretion in this context, *supra* at 12-14, we are confident that trial courts are well-aware of the boundaries of their discretion, as myriad of their rulings turn on the exercise of this time-honored legal standard. If, through the proper exercise of this discretion, a trial court concludes that a defendant merely has made an assertion of innocence in support his motion to withdraw his plea, then the court has the authority to deny the motion. *Carrasquillo*, *supra*.