J-A03002-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
JARED JOSEPH THOMPSON : No. 872 MDA 2020

Appeal from the Order Entered June 22, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003760-2019

BEFORE: LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED FEBRUARY 19, 2021**

The Commonwealth appeals from the order denying its motion to continue the non-jury trial of Jared Joseph Thompson (Appellee). We affirm.

The trial court summarized the procedural history as follows:

> The alleged incident of driving under the influence, possession of paraphernalia and small amount of marijuana, and traffic summaries[1] involving [Appellee] occurred on or about February 5, 2019. A complaint was filed on March 28, 2019 by the Pennsylvania State Police. On July 3, 2020, [Appellee] waived his Preliminary Hearing. A bench trial was originally scheduled for April 7, 2020, but on March 30, 2020, at the request of both the [Commonwealth and defense counsel], that trial was rescheduled for May 4, 2020. The May 4th trial was rescheduled upon request of [the Commonwealth] to which defense counsel acquiesced. On May 5, 2020, the bench trial was rescheduled for June 23, 2020; the Order to do so was time stamped and counsel received notice that same day via email. On the morning of June 19, 2020, the [Commonwealth] [orally] requested a continuance. Despite being

---

[1] 75 Pa.C.S.A. § 3802, 35 P.S. § 780-113(a)(31)(i) and (32), 75 Pa.C.S.A. §§ 1786(f), 3309(1), and 3361.

out-of-state on vacation, this court held a telephone conference with the [Commonwealth] and defense counsel that afternoon at which time, the [Commonwealth] informed the court that the Commonwealth needed a continuance because the prosecuting trooper affiant had informed the Commonwealth on Ju[ne] 18, 2020, that he was going to be out-of-state on vacation on the day of the trial. The Commonwealth had subpoenaed the trooper and other necessary witnesses necessary to prosecute the case on May 18, 2020. Defense counsel opposed the continuance. Given the lateness and the reason for the request, the court denied the Commonwealth's oral motion for continuance.

Trial Court Opinion, 7/21/20, at 2.

On June 22, 2020, the Commonwealth filed a written Motion for Continuance of Trial, which the trial court denied by order dated the same day. The next day, June 23, 2020, the trial court called the case to trial. The Commonwealth informed the trial court that it would be appealing the court's denial of its continuance motion. **See** N.T., 6/23/20, at 2. Defense counsel verbally requested that the trial court enter judgment of acquittal. **See id.** In response, the trial court stated that because the Commonwealth was appealing the order denying a continuance, "[t]here is nothing I can do at this point other than sit back and see how their appeal process plays itself out." **Id.** at 7. The Commonwealth then requested the trial court reconsider its denial of the continuance request, and the court replied:

Well, as I told the assistant district attorney when I spoke to her on Friday, I would speak to President Judge Ashworth about the situation. And here we are. I haven't changed my mind after speaking to him.

**Id.**

The trial court adjourned at 1:40 p.m. The Commonwealth's notice of appeal was time-stamped as filed in the Clerk of Court's office at 1:41 p.m.

Although the continuance order is interlocutory, the Commonwealth attached to its notice of appeal a certification that the "attached Order . . . of June 22, 2020, will terminate or substantially handicap the prosecution," in compliance with Pennsylvania Rule of Appellate Procedure 311(d). Notice of Appeal, 6/23/20, at 2.

With regard to interlocutory appeals as of right, the Rule states:

> **Commonwealth appeals in criminal cases.** In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

Pa.R.A.P. 311(d).

The parties do not dispute that Trooper Ciatto is a necessary and material witness for the prosecution. Also, by stating "there is nothing I can do at this point other than sit back and see how the appeal process plays itself out," the trial court appears to agree, or at least contemplate, that the order is appealable as of right. Appellee, however, argues that this appeal is interlocutory and should be quashed. Appellee asserts: "Trooper Ciatto, the prosecuting officer, had already been subpoenaed; thus the Commonwealth did not need to secure his presence by issuing a subpoena, it only needed to require him to comply with the subpoena." Appellee's Brief at 15-16. Appellee's argument is one of semantics. The fact is that Trooper Ciatto, although subpoenaed, was out of state and unavailable at the time of trial. Therefore, the trial court's order denying the Commonwealth's continuance

motion handicapped the prosecution. Accordingly, we decline to quash the appeal as interlocutory.

On appeal, both the Commonwealth and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925. The Commonwealth presents a single issue for review:

> I. WHETHER THE [TRIAL] COURT ABUSED ITS DISCRETION BY DENYING THE COMMONWEALTH'S REASONABLE REQUEST FOR A CONTINUANCE TO SECURE THE PRESENCE OF A CRITICAL WITNESS?

Commonwealth Brief at 4.

The Rules of Criminal Procedure provide a trial court "may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party." Pa.R.Crim.P. 106(A). "Appellate review of a trial court's continuance decision is deferential." **Commonwealth v. Norton**, 144 A.3d 139, 143 (Pa. Super. 2016) (citation omitted). "The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion." **Id.**

We have explained:

> [**T**]**rial judges necessarily require a great deal of latitude in scheduling trials**. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. However, the trial court exceeds the bounds of its discretion when it denies a continuance on the basis of an unreasonable and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay. Accordingly, we must examine the reasons presented to the trial court for requesting the continuance, as well as the trial court's reasons for denying the request. . . .

- 4 -

When deciding a motion for a continuance to secure a material witness the trial court is guided by the following factors:

(1) the necessity of the witness to strengthen the party's case; (2) the essentiality of the witness to the party's case; (3) the diligence exercised to procure the witness' presence at trial; (4) the facts to which the witness could testify; and (5) the likelihood that the witness could be produced at the next term of court.

*Id.* at 143-44 (emphasis added, citation omitted).

The Commonwealth argues the trial court abused its discretion in denying its "reasonable request for continuance to secure the presence of a critical witness." Commonwealth Brief at 10. In its motion, the Commonwealth averred:

2. A bench trial before this [c]ourt is presently scheduled for Tuesday, June 23, 2020.

3. Previously, this matter was scheduled for a bench trial on April 7, 2020, and subsequently May 4, 2020. Both trial dates were continued by the [c]ourt pursuant to the Administrative Order issued by President Judge David L. Ashworth regarding the ongoing Judicial Emergency due to the COVID-19 pandemic.

4. The current Administrative Order, extending the Judicial Emergency through August 31, 2020, provides, in pertinent part, that "[c]riminal nonjury trials may be scheduled with permission of the President Judge." A.D. 36-2020, 6/19/20. A previous version of the Administrative Order, issued April 24, 2020, provided the same. *See* A.D. 30-2020, 4/24/20.

5. On May 1, 2020, the [c]ourt rescheduled the bench trial for June 23, 2020. Neither party was consulted regarding the date or availability thereon.

6. On May 18, 2020, the Commonwealth issued subpoenas to several witnesses for the June 23 trial date, including affiant, Pennsylvania State Trooper Nicholas J. Ciatto. Subpoenas were received by all witnesses.

7. On June 18, 2020, Trooper Ciatto informed undersigned counsel that he would be out of state from June 20, 2020 through June 27, 2020, and [would be] unavailable for trial on June 23.

8. Trooper Ciatto is a necessary and material witness, without whose testimony the Commonwealth cannot proceed to trial. Specifically, in addition to filing the charges in this case, Trooper Ciatto: arrived on scene at the accident in question; interviewed a witness at the scene; interviewed [Appellee] at the hospital; read DL-26B warnings to [Appellee], who consented to a blood test; witnessed blood drawn from the [Appellee]; and seized evidence the Commonwealth intends to introduce at trial.

9. The [c]ourt's denial of the Commonwealth's request for a continuance to secure Trooper Ciatto's presence and testimony at trial would substantially handicap the prosecution.

Commonwealth Motion for Continuance of Trial, 6/22/20, at ¶¶ 2-9; *see also*

Commonwealth Brief at 5-10.

Appellee has responded:

Trooper Ciatto, the prosecuting officer, had already been subpoenaed; thus the Commonwealth did not need to secure his presence by issuing a subpoena, it only needed to require him to comply with the subpoena. The Commonwealth knew on June 19, 2020, prior to Trooper Ciatto leaving on vacation, that the court had orally denied the Motion for Continuance; thus, the Commonwealth was obligated at that point, in the exercise of due diligence, to inform the Trooper that he was not being released from the subpoena, and that it would seek to enforce the subpoena if necessary. Once a subpoena has been served, "the court may issue a bench warrant for any witness who fails to appear in response to a subpoena." 42 Pa.C.S. § 5904(d). A continuance was not needed to secure Trooper Ciatto's presence at trial.

\*   \*   \*

The Commonwealth argues that because it was not at fault for the late request, and the witness was essential, the trial court abused its discretion in denying its motion for a continuance. The Commonwealth argues that the factors set forth in **Norton** must

be considered by the trial court, but the Commonwealth ignores the fact that these factors must be considered by the trial court "[w]hen deciding a motion for a continuance *to secure a material witness*." **Commonwealth v. Norton**, 144 A.3d 139, 143 (Pa. Super. 2016) (emphasis added). In this case, the material witness had already been secured via subpoena, and it was up to the Commonwealth to enforce its already-served subpoena.

Defense counsel acknowledges that the prosecuting officer's testimony was essential for the case, but the Commonwealth disregards the fact that the exercise of due diligence in this case meant refusing to release the Trooper from his subpoena and informing him that because it could not get a continuance, he was required to appear for trial. In other words, in this case, the Commonwealth should have exercised due diligence to procure Trooper Ciatto's presence at trial by enforcing the subpoena. **See** 42 Pa.C.S. § 5904(d) (once a subpoena has been served, "the court may issue a bench warrant for any witness who fails to appear in response to a subpoena."); **Commonwealth v. Norton**, 144 A.3d 139, 143 (Pa. Super. 2016) (in considering whether to grant a continuance, trial court should consider, *inter alia*, "the diligence exercised to procure [the witness's] presence at trial"). Instead, the Commonwealth chose to permit the Trooper to leave for vacation, and to appear at trial without him, announcing its intent to appeal the court's denial of its request for a continuance. It is noted that the court held a video conference *while it was on vacation and specifically denied the request for a continuance before the Trooper left on vacation*. Thus, the Commonwealth made the choice not to enforce its own subpoena. . . .

If Trooper Ciatto wanted the court to reschedule the trial because of his vacation, he should have promptly informed the Commonwealth when he learned of the trial date, rather than wait until 3 business days before trial to do so. Under the circumstances, the trial court was not required to rearrange its schedule when the prosecuting officer had been properly subpoenaed for more than a month and the Commonwealth could have required his appearance pursuant to the subpoena, rather than request a continuance.

Appellee's Brief at 15-23 (some citations and footnote omitted, italics in original).

The trial court explained its denial of the Commonwealth's continuance request as follows:

> "Trial judges necessarily require a great deal of latitude in scheduling trials." Commonwealth v. Sandusky, 77 A.3d 663, 671 PA Super (2013).  Ordinarily, this court is amenable to continue trials for legitimate and unforeseen circumstances, i.e. required training, medical, family, and/or double booking of a witness. Here, the trooper, though subpoenaed on May 18, 2020, failed to inform the [Commonwealth] of same until two working days prior to trial.  All other witnesses had been subpoenaed and arrangements made for their testimony.  This court should not be held hostage to the whims of the Commonwealth's witness.

Trial Court Opinion, 7/21/20, at 3.

Upon review, we discern no basis upon which to disturb the trial court's decision.  The time and sequence of events are relevant.  On May 1, 2020, the trial was continued to June 23, 2020 as a result of the COVID-19 pandemic.  The Commonwealth subpoenaed Trooper Ciatto on May 18, 2020. On June 19, 2020, two business days prior to trial, the Commonwealth verbally requested a continuance; it repeated its request in a written motion filed on June 22, 2020.

In the Commonwealth's words:

On June 18, 2020, Trooper Ciatto contacted [Assistant District Attorney] Andracchio and informed her that he would be out of the state from June 20, 2020, through June 27, 2020.  On June 19, 2020, a telephone conference was held regarding the Commonwealth's request for a continuance given the essential nature of Trooper Ciatto's testimony.  Defense counsel objected, and despite understanding that Trooper Ciatto was on a 'prepaid, preplanned vacation and it could not be changed,' the Lower Court denied both the oral request for a continuance, as well as the subsequent written request filed on June 22, 2020.

Commonwealth Brief at 7-8.

As noted above, our review of a trial court's continuance decision is deferential, the decision is within the trial court's sound discretion, and we will only reverse the decision upon a showing of an abuse of discretion. ***Norton***, 144 A.3d at 143 (noting trial court's scheduling burden "counsels against continuances except for compelling reasons."). Our Supreme Court has stated:

> When a trial court comes to a conclusion through the exercise of its discretion, there is a heavy burden on the appellant to show that this discretion has been abused. An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial court; rather, to overcome this heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the trial court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Absent an abuse of that discretion, an appellate court should not disturb a trial court's ruling.

***Commonwealth v. Norton***, 201 A.3d 112, 120 (Pa. 2019) (citations omitted).

For the above reasons, we cannot conclude the Commonwealth met its "heavy burden" of demonstrating that the trial court "exceeded the bounds of its discretion."

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>02/19/2021</u>