J-S12006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MARK C. EYERLEY :
:
Appellant : No. 1026 MDA 2022

Appeal from the Judgment of Sentence Entered July 7, 2022,
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s): CP-40-CR-0002702-2020,
CP-40-CR-0002806-2020.

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MARK CLAYTON EYERLEY, JR. :
:
Appellant : No. 1029 MDA 2022

Appeal from the Judgment of Sentence Entered July 7, 2022,
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002806-2020,
CP-40-CR-2702-2020.

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:        **FILED: JULY 28, 2023**

Mark Eyerley appeals from the judgment of sentence imposed following

his guilty pleas to drug charges.  Upon review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On August 19, 2020, Eyerley sold six bricks of fentanyl to a confidential informant in exchange for $880, while police observed. Upon searching Eyerley, police found fentanyl in his pants pocket. A subsequent search of his hotel room revealed a scale, drug paraphernalia, and other drugs, including methamphetamine.

About a month later, Eyereley engaged in a controlled buy for $200 of methamphetamine. The police confiscated more methamphetamine and marijuana in his hotel room.

Eyerley was arrested and charged. He agreed to plead guilty.

On March 15, 2022, the trial court conducted a plea hearing. The court noted that the information in one of the cases listed methamphetamine, but the plea agreement referenced fentanyl. The Commonwealth indicated that it was a mistake and amended the information on the record to reflect that the case involved fentanyl instead. Eyerley's counsel did not object. Eyerley then pled guilty to possession with intent to deliver ("PWID") 5.5 grams of fentanyl and PWID 3.03 grams of methamphetamine. The court scheduled Eyerley's sentencing for June 3, 2022.

Before the sentencing hearing began, Eyerley informed the court that he wished to withdraw his guilty pleas. He claimed he did not knowingly, intelligently, and voluntarily enter them.

On July 7, 2022, the trial court held a hearing to address Eyerley's motion to withdraw. Eyerley told the court that his attorney did not fully inform him of the terms of the plea agreements and that he did not fully

understand what he was pleading guilty to, *i.e.*, which controlled substances, weights, or the terms of his sentences. Specifically, he claimed that counsel told him he was pleading to PWID methamphetamine in both cases, but at the plea hearing, the Commonwealth amended one of the cases to PWID fentanyl. Eyerley maintained that he was unaware it was 5.5 grams of fentanyl; he claimed he told counsel it was "nowhere near that amount." He further explained that counsel told him he was going to get the state treatment program or anywhere from a 42-month minimum. Most notably, Eyerley claimed that he had evidence indicating that he was innocent of the offenses and told his attorney this but nonetheless pleaded guilty. He further explained that he felt compelled to sign the plea agreements because his attorney had other matters to attend to. The trial court denied Eyerley's motion to withdraw his guilty pleas.

The trial court then sentenced Eyerley to 48 to 96 months' incarceration in the fentanyl case and 24 to 48 months' incarceration in the methamphetamine case, to be served concurrently.

Eyerley timely filed this appeal. Eyerley and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Eyerley raises a single issue for our review:

> I. Whether the trial court erred in not permitting [Eyerley] to withdraw his guilty plea[s] prior to sentencing.

Eyerley's Brief at 1.

We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion. **Commonwealth v. Islas**, 156 A.3d 1185, 1187–88 (Pa. Super. 2017). Pre-sentence withdrawal of a guilty plea is governed by Pennsylvania Rule of Criminal Procedure 591(A), which provides:

> (A) At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A). The official comment to Rule 591 provides: "After the attorney for the Commonwealth has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." **Id.** cmt. However, a defendant does not have an absolute right to such relief. In **Commonwealth v. Carrasquillo**, 115 A.3d 1284 (Pa. 2015), our Supreme Court clarified that "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant" a pre-sentence motion to withdraw. **Id.** at 1285. Rather, the Court concluded:

> a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

*Id.* at 1292. Thus, the *Carrasquillo* Court established that trial courts still have discretion to assess the plausibility of a defendant's claim of innocence. In doing so, "both the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant." *Islas*, 156 A.3d at 1191.

> Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

*Commonwealth v. Norton*, 201 A.3d 112, 121 (Pa. 2019).

On appeal, Eyerley claims that the trial court erred in denying his request to withdraw his guilty pleas prior to sentencing and proceed to trial. Specifically, Eyerley argues that he was misled and not fully informed by his lawyer about the terms of the plea agreements. Furthermore, Eyerley maintains that he is innocent and has evidence he gave to his attorney that proves he did not possess and/or sell the drugs in question; as such, he presented a fair and just reason to withdraw his pleas. Eyerley's Brief at 6, 8-9. Finally, Eyerley contends that the Commonwealth failed to show that it would be prejudiced if the court granted his request. *Id.* at 9. We disagree.

Initially, we observe that several of the reasons Eyerley claims his pleas were not made knowingly, intelligently, and voluntarily are based on alleged ineffectiveness of his counsel. Such questions must be raised via an

ineffective assistance of counsel claim on collateral review, not on direct appeal from the judgment of sentence. *See Commonwealth v. Kehr*, 180 A.3d 754, 760 (Pa. Super. 2018) (concluding that whether defendant's choice to enter guilty plea was knowing and voluntary given counsel's deficient advice must be raised as an ineffective assistance of counsel claim).

Our Supreme Court has held that "[t]he general rule of deferral to PCRA review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel . . . ." *Commonwealth v. Holmes*, 79 A.3d 562, 563 (Pa. 2013). Absent circumstances not present here, this rule precludes the trial court from considering a motion to withdraw a guilty plea based on ineffectiveness of counsel. It further precludes this Court's ability to review such a decision on direct appeal. *See Kehr*, 180 A.3d at 760. Therefore, we conclude that Eyerley's arguments are premature and that the trial court properly did not consider claims that his counsel was ineffective in deciding his motion to withdraw. Trial Court Opinion, 11/16/22, at 7.

Further, we conclude that the trial court did not abuse its discretion in finding that Eyerley entered his pleas knowingly, intelligently, and voluntarily, and thereby denying his motion to withdraw. In reaching its decision, the trial court reviewed the record of the plea hearing, the written plea agreements, and Eyerley's reasons for wanting to withdraw his plea. *See id.* at 9-11.

At the hearing, the Commonwealth outlined the terms of the agreement, noting the drugs involved and the amounts. The guilty plea agreements, which Eyerley signed, clearly spelled out that he was admitting to PWID 5.5

grams of fentanyl and 3.03 grams of methamphetamine. Notably, the factual basis for the pleas, to which Eyerley stipulated, and the plea agreements were consistent with the affidavits of probable cause. When the court pointed out that the one information referenced methamphetamine instead of fentanyl as set forth in the plea agreement, the Commonwealth informed the court that the discrepancy was a mistake and amended the information to indicate fentanyl. Eyerley's counsel did not dispute this, and Eyerley, despite being present and hearing this statement, did not complain or question it. N.T., 3/15/22, at 3.

The trial court colloquyed Eyerley as required under the rules. When the court asked Eyerley if he wished to plead guilty as stated, he replied, "Yes sir." The record further showed that Eyerley understood his pleas, knew he did not have to plead guilty; that he had a right to trial by jury; and was not forced or threatened to plead guilty. *Id.* at 4-7.

The trial court noted that at the plea hearing Eyerley never raised any of the questions or concerns that he later raised at the hearing on his motion to withdraw. Indeed, Eyerley had over a year to review the facts of the case but never questioned the details of his charges until after he pled guilty. Trial Court Opinion, 11/16/22, at 9.

Additionally, the court observed that the Commonwealth's evidence was compelling. *See id.* at 11-12. Eyerley, conversely, did not offer any material evidence to support his claims of innocence. Although he claimed he told his attorney he had evidence to show he was innocent, Eyerley did not call his

former attorney or present this evidence to the court. In fact, he admitted to possessing fentanyl but claimed it "was nowhere near that much." N.T., 7/7/23, at 5.

The trial court was not persuaded by Eyerley's claims, but instead found them belied by the record. Eyerley did not make a colorable demonstration that permitting withdrawal of his plea would promote faimess and justice. He merely offered a bare assertion of innocence. As such, the court concluded that Eyerley knowingly, intelligently, and voluntarily pled guilty. *See* Trial Court Opinion, 11/16/22, at 12.

Accordingly, we conclude that the trial court did not abuse its discretion in refusing to grant Eyerley's motion to withdraw his guilty pleas.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2023