J-S22036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE MONTANO | : | |
| | : | |
| Appellant | : | No. 1268 WDA 2023 |

Appeal from the Judgment of Sentence Entered October 11, 2023
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001996-2020

BEFORE:  PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: JULY 23, 2024**

Appellant, Jose Montano, appeals from the trial court's October 11, 2023 aggregate judgment of sentence of 5 to 10 years' incarceration, imposed after he pled guilty to several offenses, including possession of a firearm by a person prohibited (18 Pa.C.S. § 6105(a)(1)) and terroristic threats (18 Pa.C.S. § 2706(a)(1)).  On appeal, Appellant solely challenges the trial court's denial of his presentence motion to withdraw his guilty plea.  After careful review, we affirm.

The facts underlying Appellant's convictions are not germane to our disposition of the issue he raises herein.  The pertinent procedural history begins with Appellant's entry of a guilty plea to the above stated charges on April 12, 2022.  Prior to sentencing, Appellant filed a motion to withdraw his guilty plea on July 14, 2022.  After conducting a hearing on the motion, the

trial court denied it on August 26, 2022, and sentencing was scheduled for September 21, 2022.

Appellant twice failed to appear for his sentencing, and a bench warrant was issued. Ultimately, Appellant was detained and sentencing was scheduled for July 6, 2023. On June 23, 2023, Appellant's current counsel, Anthony Rodriques, Esq., entered his appearance on Appellant's behalf and filed another motion to withdraw Appellant's guilty plea. In this motion, Appellant alleged "that a witness was unavailable when the trial was previously scheduled[,] but had become available in June of 2023[,]" and this witness "would contradict the Commonwealth's theory of the case." Trial Court Opinion and Order (TCOO), 9/29/23, at 2-3.

On September 7, 2023, the court conducted an evidentiary hearing on Appellant's motion. "At the hearing, the defense called Janiya Wayne, who testified that the firearm involved in this matter belonged to her and further testified regarding her whereabouts and availability at various times." *Id.* at 3. On September 29, 2023, the trial court denied Appellant's motion to withdraw his plea. He proceeded to sentencing on October 11, 2023, at which the court imposed the aggregate term set forth *supra*. Appellant filed a timely notice of appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court thereafter filed an opinion stating that it was relying on its prior decisions in this case, including its September 23, 2023 opinion and order denying Appellant's motion to withdraw his guilty plea.

Before addressing Appellant's issue, we note that the brief filed by Attorney Rodriques fails to comply with the Pennsylvania Rules of Appellate Procedure. In particular, there is no Statement of Questions Involved (Pa.R.A.P. 2116) or Summary of Argument (Pa.R.A.P. 2118). Nevertheless, counsel does clearly raise in the brief the following, single issue: "Whether the trial court abused its discretion in denying [Appellant's] presentence motion to withdraw his guilty plea notwithstanding [that Appellant] located a key witness whose whereabouts [were] unknow[n] at the time of the guilty plea." Appellant's Brief at 3 (unnumbered). As Attorney Rodriques follows that issue with a discussion – albeit brief – of Appellant's claim, we will not dismiss this appeal based on Attorney Rodriques's briefing errors, and will instead address the merits of Appellant's claim.

Preliminarily, we recognize:

The following considerations govern the decision to grant or deny a presentence motion to withdraw a plea:

(1) "there is no absolute right to withdraw a guilty plea;" (2) "trial courts have discretion in determining whether a withdrawal request will be granted;" (3) "such discretion is to be administered liberally in favor of the accused;" and (4) "any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth."

*Commonwealth v. Norton*, … 201 A.3d 112, 116 ([Pa.] 2019) (quoting *Commonwealth v. Carrasquillo*, … 115 A.3d 1284, 1292 ([Pa.] 2015)). A fair and just reason exists where the defendant makes claim of innocence that is at least plausible. *Carrasquillo*, 115 A.3d at 1292. "Stated more broadly, 'the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the

plea would promote fairness and justice." ***Norton***, 201 A.3d at 120-21 (quoting ***Carrasquillo***, 115 A.3d at 1292). "[T]rial courts have discretion to assess the plausibility of claims of innocence." ***Id.*** at 121.

We review that exercise of discretion as follows:

> When a [trial] court comes to a conclusion through the exercise of its discretion, there is a heavy burden [on the appellant] to show that this discretion has been abused. An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial court; rather, to overcome this heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Absent an abuse of that discretion, an appellate court should not disturb a trial court's ruling.
>
> [...]
>
> [I]t is important that appellate courts honor trial court's discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice."

***Norton***, 201 A.3d at 120, 121 (citations omitted).

***Commonwealth v. Garcia***, 280 A.3d 1019, 1023–24 (Pa. Super. 2022),

*appeal denied*, 293 A.3d 566 (Pa. 2023).

Here, Appellant's entire argument that the court should have granted his presentence motion to withdraw his plea is the following:

> The trial court abused its discretion in denying [Appellant's] presentence motion to withdraw guilty plea. The motion to

withdraw the guilty plea was based on the then unavailability of a key witness when the guilty plea was entered. [Appellant] learned of the witness' location after the guilty plea but before sentencing. The witness testified at a hearing on the motion to withdraw guilty plea, on September 7, 2023.

The witness testified that she was not in Pennsylvania when [Appellant] pled guilty at said hearing. Upon the court's examination, the witness further testified that she was residing in Jackson, Mississippi[,] at the time of the plea.

The state has not alleged that it would be substantially prejudiced by [Appellant's] withdrawal of his guilty plea. Where a defendant requests to withdraw his guilty plea before he is sentenced, the trial court has discretion to grant the withdrawal and that discretion is to be liberally exercised to permit withdrawal of the plea if two conditions are present: 1) the defendant demonstrates a fair and just reason for withdrawing the plea and 2) it is not shown that withdrawal of the plea would cause substantial prejudice to the Commonwealth. … **Carrasquillo**, 115 A.3d [at] 1291-92…. The witness … was unavailable at [the] time of the guilty plea. The witness had moved to Mississippi and [Appellant] was unaware of the witness' location. Element #1 as outlined in **Carrasquillo**, is met. Regarding element #2, the state has not alleged that it would have been prejudiced had the motion to withdraw guilty plea been granted. Element #2 is satisfied.

Pa.R.Crim.P. 320 provides that "[a]t any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." Under this [r]ule, "[i]f the court finds 'any just reason,' withdrawal of the plea should be freely permitted, unless the prosecution has been 'substantially prejudiced.'" **Commonwealth v. Middleton**, …473 A.2d 1358, 1359 ([Pa.] 1984) [(citation omitted)]. The newly available key witness, offering exculpatory evidence, is a just reason to withdraw a guilty plea.

Appellant's Brief at 4-5 (unnumbered; citations to the record omitted).

No relief is due. Initially, although Appellant fails to name the now-available witness, we are aware from the record and the trial court's opinion that the witness he is referring to is Janiyah Wayne, who is the mother of

Appellant's children. *See* TCOO at 4. Additionally, although Appellant does not specify what 'exculpatory evidence' Ms. Wayne would offer, her testimony indicates that she is claiming that the gun, which Appellant was charged with possessing, belongs to her.

We agree with the trial court that Ms. Wayne's testimony, even if believed by the fact-finder, would not be exculpatory and, thus, it does not demonstrate that Appellant's claim of innocence is plausible. Namely, the recitation of facts at the guilty plea proceeding indicate that two eyewitnesses, who were in a car following a vehicle driven by Appellant, saw Appellant brandish "a black firearm into the air in an open convertible towards their direction…." N.T. Plea, 4/12/22, at 8. When police arrived, Appellant admitted that he had "a weapon in the vehicle…, and [he] gave them consent to retrieve that weapon from the vehicle, which was retrieved [from] under the driver's seat." *Id.* at 9. As the trial court correctly observes, even crediting Ms. Wayne's testimony that she is the owner of the firearm brandished by Appellant, which she is licensed to carry, that "does not provide a specific defense to any of the charges to which [Appellant] pled[,] including persons not to possess a firearm." TCOO at 9 (unnecessary capitalization omitted). A person may be convicted of that offense if, *inter alia*, they "**possess**, use, control, sell, transfer or manufacture … a firearm in this Commonwealth." 18 Pa.C.S. § 6105(a)(1) (emphasis added). Clearly, Appellant possessed the firearm when he brandished it and pointed it towards two individuals. Thus, Ms. Wayne's testimony that she is the lawful owner of the gun is not

exculpatory, and does not demonstrate that Appellant's claim of innocence is plausible.

Moreover, the trial court set forth a detailed discussion of why it found Ms. Wayne's testimony about her alleged unavailability at the time of trial to be vague, contradictory, and incredible. **See** TCOO at 5-7. The record supports the court's credibility determination, and Appellant does not respond to the court's analysis in any way. He also does not respond to the court's conclusion that "there is nothing to indicate that she could not have made contact with [Appellant], his family, his friends, or anyone in the legal system regarding her knowledge and/or involvement in this case" prior to Appellant's entering his plea. **Id.** at 6. Thus, even if Ms. Wayne's testimony would be helpful to the defense in some way, Appellant has failed to demonstrate that she was unavailable at the time he chose to enter his plea. Accordingly, Appellant has not established that, under these circumstances, withdrawing his plea would promote fairness and justice.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/23/2024