J-A29013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
COREY GEORGE FOWLER   :
  :
Appellant   :   No. 29 WDA 2021

Appeal from the Judgment of Sentence Entered November 9, 2020
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001861-2017

BEFORE:   BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:     **FILED: DECEMBER 30, 2021**

Appellant, Corey George Fowler, appeals from the judgment of sentence of an aggregate term of 5 to 10 years' incarceration, followed by 10 years' probation, imposed after he pled *nolo contendere* to aggravated indecent assault of a child (18 Pa.C.S. § 3125(b)), photographing, videotaping, depicting on computer or filming sexual acts of children (18 Pa.C.S. § 6312(b)), and possession of child pornography (18 Pa.C.S. § 6312(d)).  On appeal, Appellant contends that the court erred by denying his pre-sentence motion to withdraw his plea.  After careful review, we affirm.

The facts of Appellant's underlying convictions are not germane to the issue he raises on appeal.  We need only note that Appellant was charged with the above-stated offenses, as well as numerous other crimes, on August 23, 2017.  Over the next 18 months, he filed numerous continuances that delayed

_____

[*] Retired Senior Judge assigned to the Superior Court.

the disposition of his case. Then, on July 22, 2019, Appellant entered a *nolo contendere* plea to the above-stated crimes. Sentencing was deferred for an evaluation by the Sexual Offenders Assessment Board, and Appellant was also granted several more continuances of his sentencing proceeding.

On July 2, 2020, Appellant's sentencing hearing was scheduled to commence, but he filed a motion to withdraw his plea at that time. The court ultimately denied Appellant's motion in an opinion and order filed on August 29, 2020. On November 9, 2020, the court sentenced Appellant to the aggregate term set forth *supra*. Appellant filed a timely post-sentence motion, which the court denied without a hearing. He then filed a timely notice of appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court thereafter filed a statement indicating that, in lieu of a Rule 1925(a) opinion, it was relying on the rationale set forth in its August 29, 2020 opinion. Herein, Appellant states a single issue for our review: "Whether the court below abused its discretion in refusing to allow [Appellant] to withdraw his plea." Appellant's Brief at 4.

Preliminarily, we note that "[w]e review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion." **Commonwealth v. Islas**, 156 A.3d 1185, 1187 (Pa. Super. 2017) (citing **Commonwealth v. Elia**, 83 A.3d 254, 261 (Pa. Super. 2013)). Pennsylvania Rule of Criminal Procedure 591(A) governs the pre-sentence withdrawal of a plea, stating:

At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A).

In **Commonwealth v. Norton**, 201 A.3d 112 (Pa. 2019), our Supreme Court stressed that "[w]hen a [trial] court comes to a conclusion through the exercise of its discretion, there is a heavy burden on the appellant to show that this discretion has been abused." **Id.** at 120 (quoting **Commonwealth v. Eichinger**, 915 A.2d 1122, 1140 (Pa. 2007)). Additionally, it is well-settled that "[a]n abuse of discretion will not be found based on a mere error of judgment, but rather exists where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." **Id.** (quoting **Eichinger**, 915 A.2d at 1140). Absent an abuse of discretion, an appellate court should not disturb a trial court's ruling. **Id.**

The official comment to Rule 591 provides that, "after the attorney for the Commonwealth has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." **Id.** at 126 (quoting Pa.R.Crim.P. 591(A), cmt.). However, a defendant does not have an absolute right to withdraw a plea. As our Supreme Court clarified in **Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1285 (Pa. 2015), "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant" a pre-sentence motion to withdraw.

Instead, "when a defendant files a presentence motion to withdraw a guilty plea based upon a claim of innocence, the 'innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea.'" ***Norton***, 201 A.3d at 120 (quoting ***Carrasquillo***, 115 A.3d at 1292). "[T]he proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." ***Id.*** at 120-21 (quoting ***Carrasquillo***, 115 A.3d at 1292). If the defendant provides a fair and just reason for wishing to withdraw his or her plea, the trial court should grant it, unless it would substantially prejudice the Commonwealth. ***See Carrasquillo***, 115 A.3d at 1287. "'[P]rejudice,' in the withdrawal of a guilty plea context, requires a showing that due to events occurring after the plea was entered, the Commonwealth is placed in a worse position than it would have been had trial taken place as scheduled." ***Commonwealth v. Blango***, 150 A.3d 45, 51 (Pa. Super. 2016) (citation omitted).

In the present case, Appellant claims that the trial court abused its discretion by not allowing him to withdraw his plea, where he asserted in his motion to withdraw that "[a]t the time of the entry of the plea[, he] had experienced numerous illnesses[,]" and he "was taking numerous medications[,] which … effected [*sic*] his judgment and ability to fully understand all [the] intended circumstances of this plea." Appellant's Brief at 7. Appellant also avers that there were "some other issues" that he believed

"should have been discussed" before he decided to enter a plea. *Id.* According to Appellant, these claims constitute a fair and just reason to permit him to withdraw his plea. He also argues that he did not need to make any assertion of innocence to support his motion to withdraw because he pled *nolo contendere*, which did not require him to admit his guilt in the first place. *Id.* at 9. Finally, Appellant contends that the Commonwealth failed to demonstrate that it would be prejudiced by the withdrawal of his plea, as it only speculated that the victim would be negatively impacted by proceeding to trial. *Id.* at 10. For these reasons, Appellant concludes that the trial court should have permitted him to withdraw his *nolo contendere* plea.

After reviewing the record in this case, we disagree. Initially, contrary to Appellant's legally unsupported argument, case law demonstrates that he must assert a plausible claim of innocence that amounts to "a fair and just reason for presentence withdrawal of a plea[,]'" regardless of the fact that he pled *nolo contendere*. *Norton*, 201 A.3d at 120. At no point in Appellant's motion to withdraw his plea, or at the hearing on that motion, did he make any assertion of innocence.

Instead, Appellant claimed that he was ill and/or medicated to the point that he did not understand the terms of the plea, or voluntarily decide to enter it. However, the record belies Appellant's argument. As the trial court observed,

> [d]uring the [o]ral and [w]ritten [c]olloquy, [Appellant] stated that he understood the charges against him, the maximum sentences he could receive, his rights to a jury trial, that []he was

not forced into the plea, that he had sufficient time with his attorney to discuss the case, and he specifically wrote down the sentence he was to receive in the case. [Appellant] made no statement that he did not understand the plea, did not have the mental capacity to make a decision, []or that there was any mental/physical condition or medication taken that had any effect on his decision to plead guilty.

Trial Court Opinion (TCO), 9/2/20, at 14 (citing Written Plea Colloquy, 11/12/20,[1] at 1-11). Indeed, Appellant expressly confirmed in the written colloquy that he had the mental capacity to understand what he was doing, and that he had not taken any drug or medication within the last 48 hours. *See* Written Plea Colloquy at 3 ¶¶ 11, 13.

Furthermore, during the oral plea colloquy, there was no indication that Appellant did not understand what he was doing, or that illness or medications he was taking were impacting his mental capacity. In fact, Appellant exhibited his clear understanding when he corrected a misstatement by the court in naming the charges to which he was pleading. *See* N.T. Plea Colloquy, 7/22/19, at 3. In addition, at the hearing on Appellant's motion to withdraw his plea, Appellant did not admit any "medical documentation as to an illness or prescribed medication," or "any documentation to suggest that any illness or medication would have impacted [Appellant's] decision making" at the time of his plea. TCO at 15. Therefore, the court did not abuse its discretion in rejecting Appellant's claim that he was sick and medicated to the extent that he did not understand or voluntarily enter his plea.

_____

[1] The plea colloquy was hand-dated July 22, 2019, but it was not time-stamped and docketed until November 12, 2020.

- 6 -

We also disagree with Appellant that he should be permitted to withdraw his plea because he was not informed of certain "issues" before deciding to plead guilty. Notably, Appellant "stated in his [p]lea [c]olloquy form that he had sufficient time with his attorney to discuss the case, and [he] specifically wrote down the sentence he was to receive in the case." *Id.* Appellant did not identify at the hearing on his motion to withdraw his plea, nor does he explain on appeal, what "issues" should have been further discussed with him.

Given this record, we discern no abuse of discretion in the trial court's conclusion that the "reasons provided by [Appellant] to establish a fair and just reason to withdraw his plea equate to little more than bare assertions lacking the specificity needed … to make a determination in [Appellant's] favor." *Id.* at 16. Thus, the court properly denied Appellant's motion to withdraw.[2]

_____

[2] Even had Appellant presented a fair and just reason to withdraw his plea, we would also agree with the trial court's conclusion that the Commonwealth would be substantially prejudiced by having to proceed to trial at this point. As the trial court stressed, "it has been 5 years from the date of the alleged criminal conduct." TCO at 16. A significant portion of the delay in this case was caused by Appellant's requests for continuances before he entered his plea, and between his plea and sentencing hearings, as well as by his present request to withdraw his plea on the date his sentencing was scheduled to occur. Due to this lengthy period of time since the criminal conduct occurred, not only could the victim have "memory recall issues[,]" but her "sense of closure knowing that [Appellant] had taken the plea and that she would not have to testify and re-open old wounds" would be destroyed by permitting Appellant to withdraw his plea. *Id.* Thus, we would agree with the court's determination that the Commonwealth would be substantially prejudiced by Appellant's withdrawing his plea, even had he established a fair and just reason for doing so.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/30/2021