J-A21015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEL DIAZ | : | |
| | : | |
| Appellant | : | No. 358 EDA 2022 |

Appeal from the Judgment of Sentence Entered December 14, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003153-2017

BEFORE: LAZARUS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.: **FILED SEPTEMBER 16, 2022**

Joel Diaz appeals from the judgment of sentence, imposed in the Court of Common Pleas of Montgomery County, after he pled guilty to one count of carrying a firearm without a license.[1] On appeal, Diaz challenges the trial court's denial of his pre-sentence motion to withdraw his guilty plea. After review, we affirm.

The trial court has set forth the factual and procedural history of this matter as follows:

> While some facts are disputed, the following is the general underlying factual background of the charge which ultimately led to [Diaz]'s proffered open guilty plea of January 5, 2018. On April 18, 2017, [] Diaz, was stopped by Sergeant Shane LaRosa of the Abington Police Department based on probable cause that the vehicle was being operated with a suspended registration via registration check through PennDOT/NCIC. Sergeant LaRosa proceeded to stop the vehicle and question [] Diaz regarding his

---

[1] 18 Pa.C.S. §6106(a)(1).

travel. [Diaz] claimed that he did not have his license on him at the time, but provided Sergeant LaRosa with his date of birth and a bank card with his name. Sergeant LaRosa performed a check of [Diaz]'s information, which revealed a suspended license as well as a "hit" for an active arrest warrant in Philadelphia entered on April 12, 2017, involving aggravated assault with a firearm. Sergeant LaRosa placed [Diaz] in handcuffs in his vehicle until he could receive confirmation on the arrest warrant; however, at this time Sergeant LaRosa sought [Diaz]'s consent to search the vehicle for only the firearm as [Diaz] was reportedly "armed and dangerous." After being informed that he was able to deny Sergeant LaRosa's request[, Diaz] gave written and verbal consent as to the search for the firearm. Sergeant LaRosa discovered the firearm in the vehicle and [Diaz] was taken into custody and on July 12, 2017[,] bills of information were filed charging [Diaz] with two firearms offenses. . . .[]

[Diaz] was ordered to stand trial [on] January 12, 2018. [Diaz] filed omnibus pre-trial motions. On January 5, 2018, [Diaz] filed a motion to suppress via his counsel at that time. The hearing on the motion to suppress was scheduled for January 11, 2018; however, [Diaz] ultimately withdrew this motion and, on that same date, pled guilty to one count of carrying a firearm without a license, with sentencing to be deferred pending pre[-]sentence investigation, mental evaluation[,] and completion of a probation and parole intervention evaluation. Prior to entering the guilty plea, on December 19, 2017, the Commonwealth sought to increase or revoke bail as a result of a December 5, 2017[,] robbery charge in Philadelphia; however, the motion [] was ultimately deemed moot by the court, as a result of the guilty plea. [Diaz]was scheduled for sentencing on April 5, 2018; however, he never appeared, and a bench warrant was issued. Three years later, [Diaz] was apprehended on warrant for his failure to appear for his April 5, 2018[,] sentencing.

On March 4, 2021, [Diaz]'s bail was revoked and on May 28, 2021[, Diaz] filed a pre[-]sentence motion to withdraw his guilty plea[,] which was heard on June 7, 2021, and denied on the same date. [Diaz] was sentenced on December 14, 2021. On December 20, 2021, [Diaz] filed a post sentence motion to withdraw guilty plea entered of record on January 11, 2018, requesting the court to reverse its June 7, 2021[,] decision denying his pre[-]sentence motion to withdraw his guilty plea. On January 13, 2022, that motion was denied[,] and [Diaz] initiated the present appeal.

Trial Court Opinion, 3/24/22, at 1-2.

Both Diaz and the trial court have complied with Pa.R.A.P. 1925. Diaz raises the following issue for our review:

> Whether the trial court abused its discretion when it denied [Diaz's] pre-sentence motion to withdraw his guilty plea where [Diaz] ha[d] a plausible claim of innocence, as well as a viable claim that the only evidence of his guilt should have been suppressed, and the Commonwealth would have suffered no prejudice?

Appellant's Brief, at 4.

The standard of review that we employ in challenges to a trial court's decision regarding a pre-sentence motion to withdraw a guilty plea is well-settled. "A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion." *Commonwealth v. Elia*, 83 A.3d 254, 261 (Pa. Super. 2013) (citation omitted). To demonstrate an abuse of discretion, an appellant must show that "the trial court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Commonwealth v. Norton*, 201 A.3d 112, 120 (Pa. Super. 2019). This burden is not met by a showing that an appellate court may have reached a different conclusion than the trial court. *Id.*

Although a defendant's request to withdraw a pre-sentence guilty plea should be liberally allowed, a defendant does not have an absolute right to do so. *Commonwealth v. Forbes*, 299 A.2d 268, 271 (Pa. 1973). A pre-

sentence motion to withdraw a guilty plea should be granted when "(1) the defendant has provided a fair and just reason to withdraw the plea; **and** (2) the Commonwealth will not be substantially prejudiced in bringing the case to trial." **Id.** (emphasis added). Importantly, "a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." **Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1292 (Pa. 2015).

Our Supreme Court has explained that the accused cannot simply make a bare assertion of innocence, but must make some "colorable demonstration," under the circumstances, that allowing withdrawal would promote fairness and justice. **Id.** at 1289. Additionally, the request to withdraw cannot be "an attempt to manipulate the system." **Id.** at 1291. Courts should consider the "timing and nature of the innocence claim, along with the relationship of the claim to the strength of the government's evidence." **Commonwealth v. Islas**, 156 A.3d 1185, 1190 (Pa. Super. 2017). Additionally, the relevant time for measuring prejudice is at the filing of the motion to withdraw. **Id.** at 1194.

We address Diaz's two sub-claims separately. First, Diaz argues that the Commonwealth failed to prove constructive possession. Second, Diaz argues the police lacked probable cause to search his car for the weapon. However, under both clams, Diaz fails to provide evidence demonstrating that withdrawal of his guilty plea would promote fairness and justice.

First, Diaz argues he is innocent because the Commonwealth failed to prove constructive possession. Appellant's Brief, at 21. Specifically, Diaz argues there is no proof that any items found in his trunk belonged to him because Diaz's co-workers also had access to his vehicle. *Id.* at 22. Diaz further asserts that there is no evidence that he intended to exercise control over anything found in his truck, or that the firearm recovered was operable. *Id.* at 23.

A claim that the Commonwealth "proffered no evidence" fails to satisfy Diaz's burden to demonstrate a plausible claim of innocence or a fair and just reason for pre-sentence withdrawal of a guilty plea. Appellant's Brief, at 16. Despite bearing the burden to demonstrate withdrawal of his guilty plea is appropriate, Diaz provided no evidence, testimonial or otherwise, to support his claims that his co-workers had access to the vehicle, that he did not intend to exercise control over anything found in his truck, or that the firearm was inoperable.

Second, Diaz argues that fairness and justice would be promoted by allowing him to withdraw his guilty plea because there is a colorable argument that the firearm was obtained as a result of an illegal search. Indeed, Diaz filed a motion to suppress this evidence but withdrew it because he was misadvised by prior counsel that he could not win his motion to suppress. Appellant's Brief, at 8. Specifically, Diaz argues that probable cause and exigent circumstances did not exist to support the vehicle search, which he

argues is required by our Supreme Court's recent decision in ***Commonwealth v. Alexander***, 243 A.3d 177 (Pa. 2020).

However, Diaz has not established that the search was illegal. "The Pennsylvania constitution requires both a showing of probable cause and exigent circumstances to justify a warrantless search of an automobile." ***Alexander, supra***, at 181. However, the Commonwealth does not argue that they had a warrant nor that there were exigent circumstances and probable cause. The Commonwealth alleges Diaz provided consent to search the vehicle, N.T. Petition on Motion to Withdraw Guilty Plea, 6/7/21, at 25, and Diaz offers no evidence to contravene allegation. ***Forbes, supra.***

Our review of the record confirms that the trial court did not abuse its discretion in denying Diaz's pre-sentence motion to withdraw his guilty plea because Diaz presented no evidence to support his claim of innocence. Accordingly, we affirm.[2] ***Norton***, ***supra***; ***Alexander***, ***supra***.

Judgment of sentence affirmed.

---

[2] Because we conclude that Diaz did not provide a fair and just reason to withdraw his guilty plea, we need not address the second prong of the test, i.e., prejudice to the Commonwealth.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/16/2022</u>