J-S45026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY ALVES | |
| Appellant | No. 1375 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 22, 2022
In the Court of Common Pleas of Monroe County
Criminal Division at No.: CP-45-CR-0001127-2020

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:          **FILED FEBRUARY 28, 2023**

Appellant, Anthony Alves, appeals from his judgment of sentence of fourteen to thirty-six months' imprisonment following his guilty plea to possession with intent to deliver marijuana, 75 P.S. § 780-113(a)(30). Appellant argues that the court abused its discretion by denying his motion to withdraw his guilty plea.  We affirm.

On February 26, 2020, Appellant was arrested for possession with intent to distribute heroin, possession with intent to distribute marijuana and related offenses following a search of a residence in which he resided with his girlfriend, Virginia Elliot, who owned the residence.  On September 10, 2021, Appellant pled guilty to possession with intent to distribute marijuana in consideration for withdrawal of all other charges.  Appellant and the Commonwealth did not agree on the length of his sentence.  On November 10, 2021, Appellant filed a motion to withdraw his guilty plea, averring simply

that he was "innocent of the charge."  Motion To Withdraw Guilty Plea, 11/10/21, at ¶ 3.  On March 8, 2022, following an evidentiary hearing, the court denied Appellant's motion.  On April 22, 2022, the court imposed a sentence of fourteen to thirty-six months' imprisonment, a slightly higher minimum sentence than the Commonwealth requested.[1]  This timely appeal followed.  Both Appellant and the court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal, "Did the trial court abuse its discretion by not allowing Appellant to withdraw his plea prior to sentencing, when such discretion is to be administered liberally in favor of the accused where there was a plausible assertion of innocence?"  Appellant's Brief at 4.  Appellant argues that "another person" (his brother) "had access to the garage and the drugs found could have belonged to [him]."  Appellant's Brief at 10.

The following considerations govern the decision to grant or deny a presentence motion to withdraw a plea:

> (1) "there is no absolute right to withdraw a guilty plea;" (2) "trial courts have discretion in determining whether a withdrawal request will be granted;" (3) "such discretion is to be administered liberally in favor of the accused;" and (4) "any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth."

---

[1] The Commonwealth asked for a sentence of ten to thirty-six months' imprisonment.  N.T., 4/22/22, at 3.

*Commonwealth v. Norton*, 201 A.3d 112, 116 (Pa. 2019) (quoting *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015)). A fair and just reason exists where the defendant makes claim of innocence that is at least plausible. *Carrasquillo*, 115 A.3d at 1292. "Stated more broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Norton*, 201 A.3d at 120-21. "[T]rial courts have discretion to assess the plausibility of claims of innocence." *Id.* at 121; *see also* Pa.R.Crim.P. 591 ("at any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant [...] the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty").

In *Carrasquillo*, the Supreme Court held that the court properly denied the defendant's motion to withdraw his guilty plea where the defendant claimed in support of the motion that he was framed by the Central Intelligence Agency. *Id.*, 115 A.3d at 1287. The defendant's statements, compared against the Commonwealth's strong proffer of evidence at the plea hearing, rendered the assertion of innocence implausible. *Id.* at 1298. Similarly, the denial of relief in the companion case to *Carrasquillo* was proper where the defendant asserted his innocence but offered no evidence. *Commonwealth v. Hvizda*, 116 A.3d 1103, 1104, 1107 (Pa. 2015).

In *Commonwealth v. Islas*, 156 A.3d 1185 (Pa. Super. 2017), this Court distilled four "guideposts" from *Carrasquillo*:

First, the Court squarely rejected a per se approach in which any presentence motion to withdraw a guilty plea based on a claim of innocence must be granted. Second, nothing in *Carrasquillo* suggests that the Court intended the pendulum to swing fully in the other direction—from automatic grants to automatic denials of pre-sentence motions to withdraw. Indeed, the Court expressly reaffirmed the liberal-allowance language in [*Commonwealth v.] Forbes*, [299 A.2d 268 (Pa. 1973),] which continues to stand in sharp contrast to the "manifest injustice" standard for post-sentence motions to withdraw. Third, the Court directed trial courts to distinguish between "mere, bare, or non-colorable" assertions of innocence on the one hand and those that are "at least plausible" on the other. Fourth, as trial courts undertake the task of making that distinction, both the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant. In addition, in his concurring opinion in *Carrasquillo*, then-Justice Stevens added that trial courts assessing the credibility of an accused's assertion of innocence should also consider any "ulterior or illicit motive" for the motion to withdraw.

*Id.* at 1190-91.

In this case, the court properly determined that Appellant's claim of innocence is completely implausible. Appellant claims in his brief that his brother had access to the garage where the marijuana was found. Therefore, Appellant continues, he could have presented the defense during trial that the drugs belonged to his brother instead of him. The evidence presented during Appellant's motion to withdraw his guilty plea belies this argument.

Detective Scarfo of the Pocono Mountain Regional Police Department testified that Officer Michaels of the same department advised that Virginia Elliot reported that she had discovered illegal narcotics in her residence. N.T.,

3/8/22, at 13-14. When Detective Scarfo arrived at Elliot's residence, she escorted him and Officer Michaels to the bedroom, where she showed them a shoe box on a shelf that contained several packets of packaged heroin in a Ziploc bag that also had rice in it. *Id.* at 17. She stated that only Appellant and her had access to the bedroom. *Id.* She then led the two men to the garage and showed them a bag about the size of a basketball. *Id.* at 17. Inside the bag were multiple smaller bags containing marijuana. Elliot advised that Appellant frequented the garage. Id.

Detective Scarfo then interviewed Appellant and asked where the drugs were located inside the home, and "[Appellant] presented to me where they were located before I told him, therefore, had knowledge of the locations of said drugs, and then he did admit those drugs were his." *Id.* at 20. Detective Scarfo testified that Elliot said either her brother or Appellant's brother had access to the house but not the garage. *Id.* at 15-16. The evidence thus demonstrates that (1) Appellant's brother did not have access to the garage where the marijuana was located, (2) Appellant had access to the garage; and (3) Appellant admitted that the marijuana found in the garage was his. Appellant's assertion of innocence is implausible when compared to the Commonwealth's strong proffer of guilt during the evidentiary hearing. The court thus acted within its discretion by denying Appellant's motion to withdraw his guilty plea. *Norton*, 201 A.3d at 120-21.

Judgment of sentence affirmed.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2023