J-A28042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   :              PENNSYLVANIA
                                   :

            v.                    :
                                     :
                                     :

RODNEY WILLIAM GARY        :
                                     :
          Appellant          :    No. 2635 EDA 2021

Appeal from the Judgment of Sentence Entered August 13, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001201-2018

BEFORE: PANELLA, P.J., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:           **FILED OCTOBER 05, 2023**

Rodney William Gary ("Gary") appeals from the judgment of sentence imposed after he pleaded *nolo contendere* to aggravated assault by vehicle while driving under the influence ("DUI"), DUI, possession of a controlled substance, and related offenses.[1] Gary's counsel ("present counsel") has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), and petitioned to withdraw. We affirm and grant present counsel's petition.

We summarize the factual history of this appeal from the affidavit of probable cause, which the parties incorporated into the record of Gary's *nolo contendere* pleas. ***See*** Affidavit of Probable Cause, 12/30/17, at 1; ***see also*** N.T., 10/29/19, at 15-16 (memorializing the parties' stipulations to the

---

[1] ***See*** 75 Pa.C.S.A. §§ 3735.1(a), 3802(d)(1)(i); 35 P.S. § 780-113(a)(16); ***see also*** 75 Pa.C.S.A. §§ 3732.1(a), 3742(a), 3742.1(a), 3736(a), 3714(c), 3745(a), 3361, 3744.

affidavit of probable cause, the results of all chemical testing, and Gary's driving history as stating the factual bases for Gary's pleas).  In the morning of December 30, 2017, Upper Darby Police Officer James Friel received a dispatch about a vehicle striking a pedestrian and was among the officers to respond.  When Officer Friel arrived at the accident scene, he observed a man on the ground with open wounds and possible broken bones.  One witness reported that the driver had struck two stop signs and then hit the pedestrian, after which the driver stopped, briefly got out of his vehicle, and then drove away from the scene.  The witness identified the vehicle as a white Dodge Durango and gave officers its license plate number.  The witness described the driver as a Black man.  A second witness stated that he was walking toward the accident scene when he heard people yelling to stop a vehicle, and he took pictures of the driver and the vehicle's license plate.  *See* Affidavit of Probable Cause, 12/30/17, at 1.

Officer Friel patrolled the area and later found the Dodge Durango double-parked by a building.  He saw a man, later identified as Gary, in a green jacket walking away from the vehicle.  Upon seeing the officer, Gary immediately went into the building.  Officer Friel and another officer entered the building and found Gary.  The officer brought Gary outside where one of the witnesses from the accident scene identified him.  A woman told police that she saw Gary discard a pink bottle inside the building.  An officer returned to the building and recovered a bottle containing six pills, which later chemical testing identified as alprazolam ("Xanax").  Police investigated the Dodge

Durango and noticed the smell of burnt marijuana inside the vehicle. Officers contacted the Durango's registered owner, who told them she had double-parked the vehicle to go to an appointment while Gary remained in the car. Police took Gary into custody, and he consented to a blood test, which indicated Gary had marijuana metabolites in his system. *See id*.; *see also* N.T., 6/22/21, at 10.

The Commonwealth charged Gary with numerous offenses related to the hitting the pedestrian while DUI and possessing Xanax.[2] In October 2019, Gary, who was represented by counsel at the time ("plea counsel"), entered *nolo contendere* pleas. The trial court accepted Gary's pleas and scheduled sentencing for December 2019. Thereafter, the court granted numerous requests by plea counsel to continue sentencing, or status hearings, until February, April, and then December 2020, and then again into January and March 2021.[3]

In March 2021, plea counsel filed a motion to withdraw from representation averring Gary wanted new counsel due to disagreements with

_____

[2] Gary committed the offenses in the present case while on bail in a separate case listed at trial docket at 7529 of 2017 ("the separate case"). We address Gary's appeal concerning the separate case at J-A28041-22.

[3] We note the COVID-19 pandemic likely delayed the scheduling of a sentencing hearing. However, most of the defense's continuance request forms did not state the reasons for the requests. Two used general terms such as "negotiations" or "open matters." Applications for Continuances, dated 2/7/20 and 1/29/21. We add that the Commonwealth filed to a third case against Gary listed at 1511 of 2021, which involved a murder charge. *See* N.T., 6/22/21, at 19.

plea counsel's representation and strategy. *See* Motion to Withdraw as Counsel, 3/5/21, at 1. The court granted plea counsel's motion to withdraw and appointed present counsel in March 2021.

In May 2021, nearly nineteen months after Gary pleaded *nolo contendere*, present counsel filed a motion to withdraw Gary's pleas. Present counsel asserted that Gary denied driving the vehicle at the time it struck the pedestrian, the eyewitness identifications were unreliable, and the Commonwealth could not prove that Gary possessed the pill bottle found inside of the building. *See* Motion to Withdraw *Nolo Contendere* Plea, 5/27/21, at 2 (unnumbered). The trial court held a hearing at which present counsel initially argued that Gary only intended to withdraw his *nolo contendere* plea to the one count of aggravated assault by vehicle while DUI. *See* N.T., 6/22/21, at 11. Present counsel later clarified that Gary intended to withdraw pleas on all counts as stated in his written motion. *See id*. at 15. Gary did not testify at the hearing. *See id*. at 16. The court denied Gary's motion to withdraw his *nolo contendere* pleas, and, on August 13, 2021, sentenced Gary to an aggregate term of four to eight years of imprisonment. Gary timely filed a post-sentence motion, which the court denied.

Gary timely appealed, and present counsel filed a Pa.R.A.P. 1925(c)(4) statement of intent to file an *Anders* brief. The court determined that no further explanation of Gary's conviction and sentence was necessary and did not prepare a Rule 1925(a) opinion. Present counsel then filed a petition to withdraw and an *Anders* brief in this Court. This Court denied present

counsel's petition to withdraw. **See Commonwealth v. Gary**, 296 A.3d 622, 2023 WL 2566447 (Pa. Super. 2023) (unpublished memorandum at *4). We concluded that the absence of a trial court opinion impeded proper appellate review. **See id**. at *3-4. We directed the trial court to prepare a supplemental Rule 1925(a) opinion and permitted present counsel the opportunity to file an advocate's brief or a new petition to withdraw and an **Anders** brief. **See id**. at *4.

Following our remand, the trial court issued a supplemental Rule 1925(a) opinion concluding that Gary's bare assertion of innocence did not merit relief. Present counsel has filed a new petition to withdraw and an **Anders** brief. Gary has not responded *pro se* or with new counsel.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (internal citation omitted). In **Santiago**, our Supreme Court addressed the

second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. "Once counsel has satisfied the [**Anders**] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Edwards**, 906 A.2d at 1228 (citation omitted).

Here, present counsel avers in his new petition to withdraw that he conducted a thorough and conscientious review of the record and applicable case law, and thereafter determined that there are no meritorious grounds to support Gary's appeal. Present counsel further avers that he mailed Gary copies of the petition and the new **Anders** brief, as well as correspondence explaining Gary's rights to retain private counsel or proceed *pro se* and raise any additional arguments he believes are meritorious. Present counsel's **Anders** brief includes a summary of the facts and procedural history of the case, a list of issues that could arguably support Gary's appeal, and an analysis of why the issues lack merit. We conclude present counsel has substantially complied with the technical requirements of the **Anders**

procedure.[4] Accordingly, we will conduct an independent review to determine whether Gary's appeal is wholly frivolous.

Present counsel identifies the following issue for review:

Whether [trial court] erred as a matter of law and abused its discretion, in denying [Gary's motion to withdraw] his *nolo contendere* plea, which was filed by [Gary] prior to sentencing.

***Anders*** Brief at 2.

The following principles govern our review. The right to withdraw a guilty or *nolo contendere* plea is not absolute. ***See Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1291 (Pa. 2015); ***see also Commonwealth v. Norton***, 201 A.3d 112, 114 & n.1 (Pa. 2019) (noting that the same standards apply to pre-sentence motions to withdraw a guilty plea or a *nolo contendere* plea). The trial court must construe a pre-sentence motion to withdraw a plea "liberally in favor of the accused" and "any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth." ***See Carrasquillo***, 115 A.3d at 1292 (internal citation omitted). The trial court may exercise its discretion when considering whether an assertion of innocence constitutes a fair and just reason for a pre-sentence withdrawal of

---

[4] In our prior decision, this Court noted that present counsel relied extensively on notes of testimony from a preliminary hearing, but did not include the preliminary hearing transcripts in the certified record. ***See Gary***, 2023 WL 2566447 at *4 n.2. Present counsel again relies on preliminary hearing testimony but failed to ensure the transcript of that proceeding. Upon our further review, we discern no need to refer to the preliminary hearing transcript, which was not made part of the plea hearing records. Therefore, present counsel's failure to include this transcript is not a substantive defect.

a plea. **See Norton**, 201 A.3d at 120. A defendant's bare assertion of innocence will not establish a fair and just reason to withdraw a plea *per se*. **See id**. The trial court may consider the credibility or plausibility of a defendant's assertion of innocence when assessing whether the defendant has offered a colorable claim that the withdrawal of the plea would promote fairness and justice. **See id**. at 120-21.

An appellate court reviews the trial court's decision for an abuse of discretion. Thus,

> [w]hen a trial court comes to a conclusion through the exercise of its discretion, there is a heavy burden on the appellant to show that this discretion has been abused. An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial court; rather, to overcome this heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the trial court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Absent an abuse of that discretion, an appellate court should not disturb a trial court's ruling.

**Id**. at 120 (internal citations, quotations, and brackets omitted).

In his new **Anders** brief, present counsel asserts that this appeal is frivolous because Gary "does not have a colorable or plausible defense" and therefore could not establish a fair and just reason to withdraw his pleas before sentencing. **Anders** Brief at 15. In its Rule 1925(a) opinion, the trial

court determined Gary offer "nothing more than a bare assertion of innocence." Trial Court Opinion, 3/24/23, at 3 (unnumbered).[5]

Following our independent review, we discern no record or legal support for a challenge to the trial court's determination that Gary's bare assertion of innocence did not state a fair and just reason to permit the pre-sentence withdrawal of his *nolo contendere* pleas. As noted by the trial court, Gary's assertion of innocence consisted solely of representations by present counsel in the motion to withdraw Gary's *nolo contendere* pleas and during arguments at the hearing. We acknowledge that a defendant need not testify to state a fair and just reason to withdraw a plea, **see Commonwealth v. Garcia**, 280 A.3d 1019, 1022, 1026 (Pa. Super. 2022), *appeal denied*, 293 A.3d 566 (Pa. 2023); nevertheless, it remains in the discretion of the trial court to consider the plausibility and credibility of a defendant's assertion of innocence, **see Norton**, 201 A.3d at 121.

Our review shows that Gary asserted his innocence based on claims he was not driving at the time of the accident, there were no reliable identifications that he was the driver, and the Commonwealth could not prove the bottle he was seen carrying into the building was the same bottle of pills

---

[5] We note that the trial court wrote that it "found [Gary] credible at the October 29, 2019 hearing" on the motion to withdraw. **See** Trial Court Opinion, 3/24/23 at 3 (unnumbered). Because Gary did not testify at the hearing and considering the trial court's conclusion that Gary offered only a bare assertion of innocence, the court's reference to "credible" was an apparent typographical error meant to read "incredible."

police found inside the building. *See* Motion to Withdraw *Nolo Contendere* Plea, 5/27/21, at 2 (unnumbered); N.T., 6/22/21, at 15. These assertions of innocence simply ignore the ample evidence set forth in the affidavit of probable cause. As made clear in the affidavit of probable cause, at least one witness from the accident scene positively identified Gary as the driver who struck the pedestrian, and another witness reported that she saw Gary discard a pink bottle behind a potted plant in the building, a bottle the police recovered. *See* Affidavit of Probable Cause, 12/30/17, at 1. Gary cited no new evidence or legal theory in support of his assertion of innocence.

Further, as noted by the trial court, Gary waited nearly nineteen months after pleading *nolo contendere* before seeking to withdraw his pleas. *See* Trial Court Opinion, 3/24/23, at 2 (unnumbered). Although the COVID-19 pandemic may have contributed to this delay, a review of the record establishes that Gary, or plea counsel, requested five continuances of sentencing or status hearings. Neither Gary nor plea counsel offered any reasons for the delays on the record, and neither Gary nor present counsel attempted to explain the reasons for the continuances. *See* Motion to Withdraw *Nolo Contendere* Plea, 5/27/21, at 2 (unnumbered); N.T., 6/22/21, at 15.

Based on the foregoing record, we conclude that the facts of this appeal are indistinguishable from our Supreme Court's decision in ***Norton***, which affirmed the trial court's rejection of a claim of innocence. ***See Norton***, 201 A.3d at 122-23. In that case, the Court observed that ***four months*** after

- 10 -

pleading *nolo contendere*, Norton asserted he was innocent, could not live with himself for pleading, and wanted to test the Commonwealth's evidence. ***See id***. at 121. The Court found none of these reasons compelling, and noted in relevant part, that Norton's "belated wish for a trial fails to bolster his claim of innocence, particularly in light of the fact that any vulnerability in the Commonwealth's evidence . . . was well known to [him] prior to him entering his plea." ***See id***. Additionally, the Court found no further basis to disturb the trial court's ruling where the trial court had personally observed Norton, was intimately familiar with the case and demonstrated a studied understanding of the law regarding a pre-sentence withdrawal of a plea, and properly "factored into its exercise of discretion [Norton]'s knowledge of his available defenses when he pleaded and then inexplicably waited four months to file his motion to withdraw his plea." ***See id***. at 122.

Like the Court in ***Norton***, we discern no basis to disturb the trial court's conclusion that Gary offered only a bare assertion of innocence. Even had Gary more expressly alleged he was not driving at the time of the accident, his assertions of innocence amount to little more than a request to test the Commonwealth's evidence at trial. Notably, the ***Norton*** Court referred to disapprovingly to a four-month delay between Norton's plea and his motion to withdraw. Here, Gary waited nearly ***nineteen months*** and provided no explanation for this delay. Thus, in light of ***Norton***, we conclude that the trial court did not abuse its discretion when denying Gary's pre-sentence motion to withdraw his *nolo contendere* plea. ***See Norton***, 201 A.3d at 121-23.

Accordingly, our independent review confirms that this appeal is frivolous and finding no other issues of arguable merit preserved in this appeal, we affirm the judgment of sentence and grant present counsel's petition to withdraw from representation.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/5/2023